Palmer, J.
This action was brought in the District Court for Minnehaha county by the respondent, Hickey, against the appellant, Richards, to restrain the sale of a tract of land situate in Minnehaha county, and to obtain the release of a mortgage on the same land.
The case below was tried by the Court; judgment was rendered for the plaintiff, and the cause comes to this court by appeal.
It appears from the record that on or about the 29th day of March, 18^9, one Ered. A. Taylor executed to H. L. Hollister, (one of the firm of J. B. Young & Co.) a note, securing the same by mortgage upon the N. W. ¿ of Sec. 27, in township 101, of range 47, in Minnehaha county, Dakota; Taylor being then the owner of said land. Said note became due and payable the 15th day of November, 1879. This is the mortgage in controversy here.
It also appears that on or about the 8th day of April, 1882, and while the note and mortgage in question were still in the posses *346 sion of said Hollister, the respondent, Hickey, acquired title to and became the owner of the land in question.
It further appears that on or about the- 28th day of April, 1882, and after said Hickey had purchased the land, the appellant, Richards, by his attorney, O. H. Wynn, represented to said Hollister that Richards had become the owner of, or interested in said land upon which the mortgage in question had been given, and requested him (Hollister) to deliver up or assign to him said mortgage and note; and thereupon said Hollister endorsed said note without recourse, and delivered it, as well as the mortgage, to said Wynn as attorney for Richards, Wynn paying Hollister the amount of the note with the interest.
No written assignment of said mortgage was ever executed by the mortgagee, Hollister, to Richards. The note was past due when it was received by Richards.
The record in this case does not furnish us a copy of the mortgage, but it is treated by counsel upon both sides as being an ordinary mortgage of real estate with the usual powers of sale, and as such we have considered it.
Ri.chards seeks to foreclose said mortgage by advertisement under the provisions of the law of this Territory, and the bringing of this action is the result.
Can such a foreclosure proceeding be maintained? We think not. Section 313, of the Civil Code of this territory, provides:-
“ Where a power to sell real property is given to a mortgagee “ or other incumbrancer in an instrument intended to secure the “ payment of money, the power is to be deemed a part of the “ security, and vests in any person who, by assignment, becomes ££ entitled to the money so secured to be paid, and may be executed ££ by him whenever the assignment is duly acknowledged cmd re- ££ corded.”
*347 Section 598, chapter 28, of the Code of Civil Procedure, which confers the authority to foreclose this class of securities by advertisement, provides:
“ To entitle any party to give notice as hereinafter prescribed, “ and to make such foreclosure, it shall be requisite:
First. — “ That some default in a condition of such mortgage “ shall have accrued by which the power to sell has become opera- “ tive.”
******* * * ********
Third. — “ That the mortgage containing such power of sale has “ been duly recorded; and if it shall have been assigned, that all “ the assignments thereon have been duly recorded in the county “ where such mortgaged premises are situated.” ■
The primary object sought 15y the body of lawT-makers in placing such an enactment upon the statute, seems to have been to provide a proceeding which would be more speedy and less expensive than the ordinary court process; at the same time attaching the condition, that all mortgages and all assignments of the same, should first be recorded before the party could avail himself of this summary provision of the law above quoted. It would thus be, what the law-makers doubtless intended it should be— full and complete notice to all others who may have acquired an interest in the same property.
This would seem to be indispensable to render that proper and perfect protection which other parties would clearly be entitled to; and such was manifestly the purpose of the legislature when the plain and unequivocal enactment above set forth was adopted as a part of the law of the territory. No other intention is apparent If, then, such a record is essential, it follows as a matter of necessity that the assignment should be in writing. Neither of these requirements was met by the appellant in this case.
*348 Yarious other assignments in error appear from the record, but as the views already expressed seem to be fatal to the appellant’s case, if any errors were committed by the learned Judge below, in the admission of evidence, it could not avail the appellant herein, and the same are not considered. The judgment of the District Court is,
Affirmed.
All the Justices concurring.