## HOLT v. METROPOLITAN TRUST CO. OF CITY OF NEW YORK *et al.*

Comp. Laws, §§ 3281, 3288; provide that an acknowledgment of an instrument executed by a corporation must not be taken unless the officer taking it knows, or has satisfactory evidence on the oath or affirmation of a credible witness, that the person making such acknowledgment is the president or secretary of such corporation, and that an officer taking the acknowledgement of an instrument must indorse thereon or attach thereto a certificate stating that the person signing the same was known to him (or so proved) to be the president (or secretary) of the corporation that executed the instrument. *Held*, that a certificate is insufficient which recites the acknowledgement of two persons, "to me personally known to be the identical persons whose names are subscribed to the foregoing instrument as president and secretary" of a corporation party.

(Opinion filed April 4, 1899.)

Appeal from circuit court, Minnehaha county. Hon. J. W. JONES, Judge.

Action by Nellie Holt against the Metropolitan Trust Company of the City of New York, trustee, and others, to attack the validity of foreclosure proceedings. From an order overruling demurrer of defendant trust company, it appeals. Affirmed.

The facts are stated in the opinion.

*Milchrist & Robinson* and *Aikens, Bailey & Voorhees*, for appellant.

The certificate of acknowledgment of the notary to the assignment of mortgage from the Fidelity Loan and Trust Company to the defendant and appellant was sufficient. Wilson v. Russell, 4 Dak. 376; Wilbur v. Nelson, 86 Ia. 453; Bennett v. Knowles, 68 N. W. 111; Morse v. Beals, 68 Ia. 463; Blockstein

v. Iowa Homestead Co., 39 Ia. 624; Underhill v. Santa Barbara, 28 Pac. 1044; Brunswicke v. Brockett, 37 Minn. 58; Carpenter v. Dexter, 8 Wall. 513; Brooks v. Chaplin, 3 Vt. 281; Chandler v. Spear, 22 Vt. 388; Sanford v. Bulkley, 30 Conn. 344; Kelly v. Calhoun, 95 U. S. 710; Russ v. Wingate, 30 Miss. 440; Morse v. Clayton, 13 Smed. & M. 373; Elwood v. Flannigan 104 U. S. 562; Hunt v. Johnson, 19 N. Y. 279; Bradford v. Dawson, 2 Ala. 203; Juloway v. Gault, 20 Ark. 190; Vance v. Schuyler, 6 Ill. 160; Calumet &c. v. Russell, 68 Ill. 426; Schley v. Pullman Car Co., 120 U. S. 575; Burbank v. Ellis, 7 Neb. 156. The assignment of mortgage was not defective from the fact that it was executed "Joseph Sampson, president; John C. French, secretary" instead of "Fidelity Loan and Trust Company, by Joseph Sampson, &c." Underhill v. Santa Barbara, &c., 93 Cal. 300, 28 Pac. 1049.

*J. W. Boyce,* for respondent.

The certificate of acknowledgment to the assignment of mortgage was fatally defective and did not entitle the same to be placed of record. Comp. Laws, §§ 3269, 3288; Cannon v. Deming, 3 S. D. 421; Smith v. Gordon, 28 Wis. 685; Hibs v. La Flesh, 59 Wis. 465; Smith v. Hunt, 13 Ohio 260; Hayden v. Westcott, 11 Conn. 129.

HANEY, J. This appeal involves the validity of a real estate mortgage foreclosure by advertisement. It seems to be conceded by counsel that the validity of the foreclosure proceeding depends upon the sufficiency of the certificate of acknowledgment of a certain assignment of the mortgage which was recorded in the proper county. Such assignment and certificate are as follows:

"For value received, the Fidelity Loan and Trust Company of Sioux City, Iowa, does hereby transfer and set over unto the Metropolitan Trust Company of the City of New York, trustee, all its right, title and interest, in and to a certain first mortgage for $3,500, bearing date the 10th day of July, A. D. 1891, executed by Nellie Holt and husband upon 160 acres of land situated in Minnehaha county, South Dakota, and described as follows: S. E. ¼ N. E. ¼, and N. E. ¼ S. E. ¼, and S. W. ¼ S. E. ¼ of Sec. 23, and N. W. ¼ N. W. ¼ of Sec. No. 26, township No. 101, range No. 50 west of 6th P. M.; said mortgage having been duly recorded in Book 42 of Mortgages, on page 159, of Minnehaha county, South Dakota records, on the 15th day of July, A. D. 1891. In witness whereof, the Fidelity Loan and Trust Company has caused these presents to be signed and delivered by its president and secretary this 27th day of August, 1891, with the seal of the company affixed. Joseph Sampson, President. John C. French, Secretary. [Seal of Fidelity Loan & Trust Co., Sioux City, Iowa.]

"Witness: J. L. Ruine, E. C. Currier.

"State of Iowa, Woodbury County—ss.: On this 27th day of August, A. D. 1891, before the undersigned, a notary public in and for said county, personally came Joseph Sampson and John C. French, to me personally known to be the identical persons whose names are subscribed to the foregoing instrument as president and secretary of the Fidelity Loan & Trust Company, the grantor therein named, and acknowledged said instrument to be the act and deed of said company, by them, as officers of said company, voluntarily done and executed. Witness my hand and official seal the day and year last above written. F. J. Tripp, Notary Public. [Notarial Seal.]

The objection to the certificate of acknowledgment is that the officer making it does not certify that the persons who acknowledged the execution of the assignment were known to him to be the president and secretary of the corporation.

The statutes of this state (Comp. Laws) contain the following provisions:

"Sec. 3281.   The acknowledgment of an instrument must not be taken, unless the officer taking it knows, or has satisfactory evidence, on the oath or affirmation of a credible witness, that the person making such acknowledgment is the individual who is described in and who executed the instrument; or, if executed by a corporation, that the person making such acknowledgment is the president or secretary of such corporation."

"Sec. 3288. An offcer taking the acknowledgment of an instrument must endorse thereon or attach thereto a certificate substantially in the forms hereinafter prescribed.   *   *   *
(2) The certificate of acknowledgment of an instrument executed by a corporation must be substantially in the following form: 'State of ——, County of ——, ss.:   On this — day of —— in the year ——, before me (here insert the name and quality of the officer), personally appeared ——, known to me (or proved to me on the oath of ——) to be the president (or the secretary) of the corporation that is described in and that executed the within instrument, and acknowledged to me that such corporation executed the same.'"

It is clear that a certificate of acknowledgment must substantially conform to the requirements of the statute. Such is the language of the statute, and the holding of this court. Cannon v. Deming, 3 S. D. 421, 53 N. W. 863. The form pre-

scribed for instruments executed by corporations requires a certificate that the person who makes the acknowledgment is known or proved to be the president or secretary of the corporation; and the preceding section of the statute positively prohibits an officer from taking the acknowledgment of an instrument, if executed by a corporation, unless he knows, or has satisfactory evidence, on the oath or affirmation of a credible witness, that the person making the acknowledgment is the president or secretary of such corporation. The essential fact to be known by or proved to the certifying officer is that the person appearing before him is the president·or secretary of the corporation. If he does not know this fact, the only evidence he can receive is the oath or affirmation of a credible witness. Therefore he cannot act upon any presumption arising from the recitals or seal of the instrument itself. In this case the officer certifies that Sampson and French are known to be the identical persons whose names are subscribed to the instrument as president and secretary of ·the corporation. This is far short of a certificate that they are known to be the president and secretary of the corporation. He might have made this certificate truthfully, well knowing that they were not in fact officers of the corporation. The evident intent of the law is to prevent persons from representing themselves to be officers of corporations when they are not. The certificate does not substantially comply with the statute, the assignment was not so acknowledged and certified as to entitle it to be recorded; and the order of the circuit court overruling ·defendant's demurrer to the complaint is affirmed.