ERICKSON v. CONNIFF *et al.*

Rev. Civ. Code 1903, § 974, provides that the acknowledgment of an instrument must not be taken, if executed by a corporation, unless the officer taking it knows or has satisfactory evidence that the person making the acknowledgment is the president or secretary; and section 981 gives the form of a certificate of acknowledgment executed by a corporation, and provides that the officer must certify that the person acknowledging is known or proved to be the president or secretary. Section 636, Rev. Code Civ. Proc. 1903, provides that, to entitle one to foreclose a mortgage by advertisement, any assignment of the mortgage

must have been duly recorded. Held, that where the certificate of acknowledgment of an assignment of a trust deed given by a corporation certified that the persons making the acknowledgment were personally known to the officer to be the vice president and assistant secretary of the corporation, the acknowledgment was insufficient to authorize recording of the assignment and a foreclosure of the trust deed by advertisement, under section 636, was of no validity.

(Opinion filed December 21, 1904.)

Appeal from circuit court, McCook county; Hon. JOSEPH W. JONES, Judge.

Action by J. Mervyn Erickson against Thomas H. Conniff and others. From a judgment in favor of defendants, and from an order denying a new trial, plaintiff appeals. Affirmed.

*John Wood, A. P. Fairbank*, and *Boyce & Warren*, for appellant.

*A. C. Biernatzki* and *Aikens & Judge*, for respondents.

CORSON, P. J. This is an action to quiet title to a tract of land in McCook county. The case was tried to the court upon an agreed statement of facts and one deposition, and the statement of facts constitutes the court's findings. Upon the findings the court concludes, as matter of law, that the defendants were entitled to judgment; and from the judgment so entered, and from the order denying a new trial, the plaintiff has appealed. The plaintiff deraigns title from one Thomas H. Conniff and wife, through foreclosure proceedings had by advertisement under a trust deed executed by the said Conniff and wife to E. S. Ormsby and P. O. Refsell in July, 1886; and the defendant deraigns title from the said Thomas H. Conniff and wife through various conveyances to the same property. The main question presented for our consideration is as to whether

or not the certificate of acknowledgment to the assignment executed by the vice president and assistant secretary of the Mercantile Trust Company, a corporation, is sufficient under the provisions of the Code (Civil Code 1903, § 981). The acknowledgment, omitting formal parts, is as follows: "On this thirtieth day of September, A. D. 1895, before me, the subscriber, a notary public in and for said county, personally appeared H. C. Deming and Clinton Hunter, to me personally known to be the vice president and assistant secretary respectively of the Mercantile Trust Company, the corporation that is described in and that executed the foregoing instrument, and acknowledged to me that such corporation executed the same. Witness my hand and seal the day and year last above written. George P. Barrett, Notary Public. [Notarial Seal. George P. Barrett, Notary Public, New York]."

Section 974 of the Civil Code of 1903 provides: "The acknowledgment of an instrument must not be taken unless the officer taking it knows, or has satisfactory evidence, on the oath or affirmation of a credible witness, that the person making such acknowledgment is the individual who is described in and who executed the instrument; or if executed by a corporation, that the person making such acknowledgment is the president or secretary of such corporation." And section 981 gives the form of a certificate of acknowledgment executed by a corporation, and provides that the officer must certify that the person acknowledging is known to him or proved to him to be the "president or secretary of the corporation that is described in and that executed the instrument." It will be observed that, in the certificate of acknowledgment above given, the notary certifies that "H. C. Deming and Clinton Hunter

are personally known to him to be the vice president and assistant secretary respectively of the Mercantile Trust Company." As stated by counsel for the respondents in their brief, "the question is not as to the sufficiency of the assignment to convey title to the appellant, but it is only as to the sufficiency of the acknowledgment of the assignment to permit of its record." It is contended by the respondent in support of the judgment of the court below that the record of the assignment is an indispensable prerequisite to the right to foreclose by advertisement, that the acknowledgment of the execution or the assignment is likewise an indispensable prerequisite to its being recorded, and that a foreclosure by advertisement is purely statutory and can therefore be made by a strict compliance with the statute only. Section 636, Rev. Code Civ. Proc. 1903. The appellant, on the other hand, contends that the sections of the Code relating to acknowledgments by officers of corporations should receive a reasonable construction, and that the vice president of a corporation or the assistant secretary, when executing an assignment in behalf of the corporation, in the absence of proof of their want of authority to so execute, should be deemed to be the president and secretary of the corporation, within the meaning of said sections. There is force in appellant's contention, but, in view of the mandatory language of the Code, we are clearly of the opinion that the court below was right in holding that the acknowledgment, not being in the form prescribed by the Code, was insufficient to authorize the recording of the assignment, and that therefore the foreclosure proceedings under the trust deed were void. No case has been called to our attention holding that an acknowledgment under a statute similar to our own has been held to

entitle the instrument to record. A number of cases are cited holding that a transfer made by an officer purporting to be acting as the president or head officer of a corporation, under the seal of the corporation, will be presumed to be a valid transfer; but in those cases there were provisions in the law authorizing transfers to be made in effect by the president or other head of the corporation. The language of our Code upon this subject is clear and explicit, and leaves no room for construction. Had the lawmaking power intended that any officer other than the president or secretary of the corporation could make the acknowledgment, it is fair to presume that it would have used language authorizing other persons to make the same. But in the absence of such a provision, it is not competent for us to interpolate into the statute provisions empowering any officer other than the president or secretary to acknowledge an assignment which would authorize the recording of the same.

The judgment of the court below and order denying a new trial are affirmed.