LANGMAACK v. KEITH *et al.*

1. Under Rev. Civ. Code, § 2042, defining a mortgage as a contract by which specific property is hypothecated for the performance of an act, without the necessity of a change of possession, and section 2044, declaring every transfer of an interest in property, other than in trust, made only

as security for the performance of another act, to be a mortgage, except in case of a pledge of personal property, an instrument reciting the existence of a debt owed by the first party to the third party, and conveying land to the second party to secure the same, and authorizing the second party, or his successor in the trust, to sell the land as prescribed by law for the foreclosure of mortgages under power of sale, if the first party defaults, is a mortgage, and controlled by the laws governing mortgages as to foreclosure, etc., although designated by the parties as a trust deed.

2. Under Rev. Code Civ. Proc. § 637, requiring a mortgage, with its assignments, to be duly recorded, to entitle the mortgagee or assignee to foreclose by advertisement, an attempted foreclosure by an assignee, without a written assignment having been executed, acknowledged, and recorded, is invalid, and does not take title out of the mortgagor.

3. Where an agreed case stipulated that, if a certain foreclosure proceeding was invalid, plaintiff was the owner of the property, subject to the mortgage, a judgment for plaintiff should have expressly declared that his ownership was subject to defendant's rights under the mortgage.

(Opinion filed April 27, 1905.)

Appeal from circuit court, Miner county; Hon. FRANK B. SMITH, Judge.

Action by Henning Langmaack against J. H. Keith and others. From a judgment for plaintiff, certain defendants appeal. Modified.

*L. J. Martin* and *T. H. Null*, for appellants.

*F. L. Janes, George Rice* and *Lewis Benson*, for respondent.

HANEY, J. This is an action to determine adverse claims to real property. It was submitted below upon an agreed statement of facts, from which it appears that James Tyler, the owner of the land in controversy, executed the following instrument: "This indenture, made this first day of September, A. D., 1886, between James Tyler, (single) of Miner coun-

ty, territory of Dakota, party of the first part, J. H. Keith, trustee, of Sioux City, Iowa, party of the second part and Mary W. Lewis, party of the third part, Witnesseth, That the said James Tyler, is justly indebted to the party of the third part, on a certain bond of even date herewith, for the sum of $550 borrowed money, payable to the order of said party of the third part, five years after date, in gold or its equivalent, with interest from date, at the rate of seven per cent. per annum, payable semiannually, according to the tenor of ten interest coupons to said bond attached. Now therefore the said party of the first part, for the purpose of securing to the said party of the third part the payment of said bond and coupons, and performance of the things hereinafter expressed, hereby conveys unto the said party of the second part, and his successors in trust, the following real property. * * * And the said party of the first part hereby expressly agrees: (1) Neither to commit nor permit waste on said premises. (2) To pay the taxes on said premises before delinquency. (3) To procure and keep insurance on the buildings during the time of said loan, in such company as second party may select, with loss payable to the trustee, in the sum of $——— for the further security of the party of the third part. (4) To pay an attorney's fee of $55 in case of the foreclosure or commencement of foreclosure of this indenture. * * * That a failure to pay any of said money, either principal or interest, within ten days after the same becomes due, or a failure to perform or comply with any of the foregoing conditions or agreements shall cause the whole sum of money herein secured to become due and collectible at once at option of legal holder of said bond, and this trust deed may be immediately foreclosed for the whole of said

19 S. D.—23

sum with interest and costs. * * * That if the party of the first part fails to perform the conditions of this trust deed as above set forth, it shall be lawful in such case for the said party of the second part, himself or his successor in the trust, or the sheriff of said county, or his deputy, to grant, bargain, sell, release and convey said premises, with the appurtenances thereunto belonging, at public auction in the manner provided by chapter 28 of the Code of Civil Procedure of the Revised Code of Dakota, of 1877, and this paragraph shall be deemed as authorizing and constituting the power of sale as provided in said chapter, and out of the money arising from such sale, after deducting all expenses thereof, together with all sums paid on taxes, costs of advertising or insurance on said premises and the attorney's fee as aforesaid, to retain the principal and interest that may be due on said notes, rendering the surplus money, if any there be, to the party of the first part, his heirs, executors, administrators or assigns on demand. * * * It is also agreed that if the sale of said property is made under this instrument and the same does not bring a sufficient sum to pay all indebtedness intended to be covered by this trust deed, a judgment for the deficiency may be entered against the party of the first part for the same. The said first party will comply with and perform all the foregoing conditions, and upon compliance therewith these presents to be void, and a reconveyance of said premises shall be made to the party of the first part at his expense; otherwise to be and remain in full force and effect, and in case of the death, absence, inability or refusal to act of said party of the second part, F. F. Flood, of Orange, New Jersey, shall be and is hereby appointed and made successor in trust to the trustee hereinbefore named with

like power and authority." It further appears from the agreed statement that this instrument was duly acknowledged and recorded in the proper county; that the bond or indebtedness mentioned therein was transferred to W. H. Catlin, but no written assignment of the instrument was ever recorded or executed; that, default having been made in the conditions of the instrument, Keith, the trustee, by direction of Catlin, the owner of the indebtedness, foreclosed by advertisement; and that in due time a sheriff's deed was issued to Catlin, from whom defendants deraign their alleged title. It was expressly stipulated in the agreed statement that, if the foreclosure proceeding was effectual to foreclose the equity of redemption of Tyler and his grantees, defendant Bunnell is the owner of the premises, and plaintiff has no title, interest, or estate therein, and that, if such proceeding was not effectual for that purpose, the plaintiff is the owner of the premises, subject to the instrument executed by Tyler. From the facts so agreed to by the parties the learned circuit court concluded: "(1) That the attempted foreclosure proceedings of the mortgage or trust deed heretofore referred to is illegal, irregular, and void, and that the sheriff's deed executed in pursuance thereof is void and ineffective to pass title to said premises to the grantee therein, or to any one claiming through or under him. (2) That plaintiff herein, Henning Langmaack, is the owner of the premises herein and in plaintiff's complaint described, and that the defendants herein have no right, title, interest, or estate therein. (3) That plaintiff is entitled to a decree adjudging him to be the owner of said described premises, and that the defendants have no right, title, interest, or estate therein, and that the said defendants be forever enjoined and

estopped from having or claiming any interest, right, title, or estate in said premises adverse to said plaintiff. (4) That plaintiff have judgment against said L. J. Martin and James A. Bunnell for his costs and disbursements in the above entitled action." And from a judgment accordingly entered, defendants Martin and Bunnell appealed.

Our Civil Code contains these provisions: "Sec. 2042. Mortgage is a contract by which specific property is hypothecated for the performance of an act, without the necessity of a change of possession. A mortgage of real property can be created, renewed or extended only by writing, executed with the formalities required in the case of a grant of real property."

"Sec. 2044. Every transfer of an interest in property, other than in trust, made only as a security for the performance of another act, is to be deemed a mortgage, except when in the case of personal property it is accompanied by actual change of possession, in which case it is to be deemed a pledge."

The words "other than in trust" were not in the latter section as it was proposed by the New York commissioners. Rep. N. Y. Com'rs. § 1610. They appear to have been introduced by the California code examiners in 1874 for the purpose of preserving the distinction between trust deeds and mortgages then existing in that state. Deering's Ann. Civ. Code 1886, p. 498. The section as thus amended was adopted in this jurisdiction in 1877. Civ. Code Dak. 1877, § 1724. It seems to be settled in California that all transfers of an interest in real property made only as a security for the performance of another act are not to be deemed mortgages. Koch v. Briggs, 14 Cal. 257; Grant v. Burr, 54 Cal. 298; Bateman v.

Burr, 57 Cal. 480. It is therefore highly probable that such a transfer might, if the parties so intended, have to be regarded in this state as a trust, and not as a mortgage, and substantially different consequences would necessarily flow from the transaction. Where a trust is created, title passes to the trustee, there can be no foreclosure, and the property must be reconveyed or sold in the manner agreed upon by the parties. Where a mortgage is made, title remains in the mortgagor, and the rights of the creditor are to be enforced by foreclosure in one of the methods prescribed by the statutes. But it is not now necessary to determine whether there can be a transfer of an interest in real property in trust, made only as a security for the performance of another act, in this state, as it is clear from a mere inspection of the instrument involved in this case, taken in connection with the agreed facts, that the parties intended to make a mortgage. The transaction was a contract by which specific property was hypothecated for the performance of certain specified acts. It was expressly stipulated by the parties that, upon the failure of the obligor to perform such acts, the obligee should enforce his rights in the manner prescribed for the foreclosure of real estate mortgages. The writing signed by the owner of the land is only evidence of what the parties intended. It is immaterial what name may have been given such writing. The parties made a contract. That contract was a mortgage, and it must be governed by the rules of law applicable to such a contract. The owner of the land was the mortgagor, the payee of the bond or original owner of the indebtedness was the mortgagee, and the transferee of the indebtedness must be regarded as the assignee of the mortgage. Such assignee having attempted to foreclose

by advertisement, without a written assignment having been executed, acknowledged, and recorded, the proceeding was invalid, and title to the premises remained in the mortgagor. Rev. Code Civ. Proc. Sec. 637; Hickey v. Richards, 3 Dak. 345, 20 N. W. 428. The court below, therefore, was right in concluding that the plaintiff, as grantee of the mortgagor, was the owner of the premises in controversy. However, in view of the terms of the written agreement upon which the cause was tried, the judgment should have expressly declared that plaintiff's ownership was subject to any rights defendants Martin and Bunnell may have by reason of the mortgage lien which was attempted to be foreclosed, and it should be so modified as to avoid any possible misunderstanding with respect to its effect upon such rights. In all other respects the judgment is affirmed. As respondent should not have allowed a judgment to be entered which did not fully conform to the terms of the agreed statement, and as appellants did not apply for a modification in the court below, no costs or disbursements should be allowed in this court, except the clerk's fees to be taxed in favor of the appellants.

The action will be remanded, with directions to modify as indicated in this decision.