JENSEN, Administrator, Respondent, v. ANDREWS, Appellant.

(163 N. W. 571.)

(File No. 4148.   Opinion filed June 26, 1917.)

1. **Mortgages—Quieting Title—Title by Advertisement Foreclosure— Publication, Hour of Sale Day Wanting, Effect—Purpose of Sale, re Bidders—Statute, Construed.**

   In a suit to quiet title, defendant claiming title under foreclosure by advertisement, held, that a notice of foreclosure sale which specified the day of sale but failed to state any hour of

sale, was fatally defective for failing to state the hour of day at which the sale would take place, and that, therefore the sale and proceedings, including sheriff's deed, were void; construing Code Civ. Proc., Sec. 641, providing that sale must be between hours of nine o'clock in the forenoon and the setting of the sun on that day; and Sec. 640, prescribing the form and contents of notice of foreclosure sale by advertisement, and among other things providing that notice of sale must specify time and place of sale; that under Sec. 640 the specific hour of day must be stated, at which sale will be made, and under Sec. 641 that specific hour must be within the time included and mentioned in Sec. 641. **Held,** further, that under statutes containing the provision that the notice must specify the "time and place of sale," the notice must specify place of sale with such degree of certainty that intending bidders will not be misled, and it must also give the time of sale with equal certainty, stating not only the day but also the hour; the object and purpose of specifying the time in a notice of public sale being to advise and secure presence of persons who might desire to bid upon and purchase the property to be sold.

2.   Foreclosure—Foreclosure by Advertisement, Title by—Statutory Requirements, Substantial Compliance With, Necessity.

The statutory requirements for foreclosure by advertisement, under a power of sale contained in a mortgage, being purely statutory procedure, must in all things be substantially complied with, otherwise such foreclosure will be void and of no effect to convey title.

Appeal from Circuit Court, Kingsbury County. Hon. ALVA E. TAYLOR, Judge.

Action by Mette K. Jensen, as Special Administrator of the Estate of Christian B. Jensen, Deceased, against F. M. Andrews, to determine adverse claims to realty. From a judgment in favor of plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

*Crawford & Warren,* and *William H. Warren,* for Appellant.

*Hall, Alexander & Purdy,* and *James O. Berdahl,* for Respondent.

(1) To point one of the opinion, Appellant cited: Code Civ. Proc., Secs. 640, 641; Northrop v. Cooper, 23 Kan. 307; Cox v. Halsted, 2 N. J. Eq. 311; Burr et al. v. Borden et al., 61 Ill. 389; Trustees, etc., v. Snell, 19 Ill. 156; Menard v. Crowe, 20 Minn. 448; Thorwarth v. Armstrong, 20 Minn. 464; Slater v. Taylor, (Minn.) 124 N. W. 3; Bailey v. Hendrickson, (N. D.) 143 N.

W. 134; Beattie v. Butler, 21 Mo. 313, 64 Am. Dec. 224; Powers
v. Kuechhoff, 41 Mo. 430.

Respondent cited: Bigler v. Waller, 14 Wall. (U. S.) 297,
20 L. Ed. 819; Erickson v. Conniff, 19 S. D. 41, 101 N. W.
1104; Cooper v. Harvey, (S. D.) 113 N. W. 717; Martin v. Bald-
win, (Minn.) 16 N. W. 449; Clifford v. Tomlinson, (Minn.) 64
N. W. 381; Code Civ. Proc., Sec. 640, subd. 5; 27 Cyc. 1469;
Trustees v. Snell, 19 Ill. 156, 68 Am. Dec. 586; Fitzpatrick v.
Fitzpatrick, 6 R. I. 64, 75 Am. Dec. 681; Burr v. Borden, 61 Ill.
392; Bondarant v. Bondarant, 96 N. E. 306 (Ill.); Hayes v.
Pace, 78 S. E. 290; Peck v. Fair Haven & W. R. Co., 58 Atl. 757.

(2) To point two of the opinion, Respondent cited: Hedlin
v. Lee, 131 N. W. 390 (N. D.); 2 Jones on Mortgages, Sec.
1906, p. 699 (4th ed.); 27 Cyc. 1450, 1466; 2 Jones on Mort-
gages, Sec. 1907, p. 700; Reading v. Waterman, 46 Mich. 107, 8
N. W. 691; Shelebar v. Robinson, 97 U. S. 68, 24 L. Ed. 732.

McCOY, J. This action was brought under the statute to
determine adverse claims to real estate. The plaintiff claims that
her intestate, C. B. Jensen, was, at and prior to his death, the
owner in fee of the northwest quarter of Sec. 13-109-56, in Kings-
bury county, and asks that the heirs of said Jensen, deceased, be
adjudged and decreed to be the owners in fee of said real estate,
subject only to the rights of the plaintiff as administrator of the
estate of said deceased. The defendant Andrews claims to be the
owner in fee of said land by virtue of a sheriff's deed issued upon
a foreclosure sale under a mortgage given by one O'Hora, a
remote grantor of plaintiff's intestate, as mortgagor. No question
was raised by plaintiff as to the validity of said mortgage as a
lien against said real estate, but plaintiff claims that the notice
of mortgage sale was so defective as to render void the said fore-
closure sale. The cause was tried before the court without a
jury, and findings and judgment were in favor of plaintiff, and
against the defendant Andrews, from which judgment, and an
order denying a motion for new trial, said defendant has appealed.

It is the contention of appellant that the evidence is insuf-
ficient to support the findings and conclusions of law. It is con-
ceded by respondent that the appellant has good title in fee to
said land, unless such title is defective by reason of infirmities in the
notice of foreclosure sale. The said mortgage was foreclosed by ad-

vertisement, and the notice of sale recited, among other things, that the sheriff of said county would sell said premises, at public auction, to the highest bidder, at the front door of the courthouse, on Saturday, the 14th day of February, 1914, to satisfy said indebtedness and costs and expenses of said foreclosure. It is the contention of respondent that said notice of sale was fatally defective by reason of its failure to specify the hour of day at which said sale would take place, and that by reason thereof the said sale and all the foreclosure proceedings, including the sheriff's deed to appellant, were void. We are of the opinion that respondent is right in this contention. Section 640, Code of Civil Procedure, prescribes the form and contents of notice of foreclosure sale by advertisement, and among other things provides that the notice of sale must specify the time and place of sale. Section 641 of the same Code provides that the sale must be made at public auction between the hours of 9 o'clock in the forenoon and the setting of the sun on that day. It is the contention of appellant that a notice of sale, specifying the day only, is sufficiently specific as to time when taken in connection with the provisions of section 641. We are of the view, however, that this contention is untenable. We are of the view that sections 640 and 641 must be construed together; that under section 640 the specific hour of the day must be stated, at which the sale will be made; and that under section 641 that specific hour must be within the time included and mentioned in section 641. It seems to be generally held that the statutory requirements for foreclosure by advertisement, under a power of sale contained in a mortgage, being purely statutory procedure, must in all things be substantially complied with; otherwise such foreclosure will be void and of no effect to convey title. 2 Jones on Mortgages, § 1907; Bigler v. Waller, 14 Wall. 297, 20 L. Ed. 819; Erickson v. Conniff, 19 S. D. 41, 101 N. W. 1104; Holt v. Trust Company, 11 S. D. 456, 78 N. W. 947; Kenney v. McKinzie, 25 S. D. 485, 127 N. W. 597, 49 L. R. A. (N. S.) 782; Clifford v. Tomlinson, 61 Minn. 195, 64 N. W. 381. It seems to be generally held, under statutes containing the provision that the notice must specify the "time and place of sale," that the notice must specify the place with such degree of certainty that intending bidders will not be misled, and it must also give the time of the sale with equal certainty, stating not

only the day but also the hour at which it will be held.   27 Cyc. 1469.

In the case of Fitzpatrick v. Fitzpatrick, 6 R. I. 64, 75 Am. Dec. 681, being a case involving the similar question of a notice of foreclosure sale failing to state the hour of the day at which said sale would be made, the court, among other things, said:

"Such a defect defeats the whole purpose of the notice, which, as we view it, is to bring together such a body of purchasers, as by fair competition will insure, as far as this goes, a full price for the subject of sale."

To the same effect are the decisions in the following cases: Trustees v. Snell, 19 Ill. 156, 68 Am. Dec. 586; Burr v. Borden, 61 Ill. 392; Bondurant v. Bondurant, 251 Ill. 324, 96 N. E. 306, Ann. Cas. 1914D, 18; Hayes v. Pace, 162 N. C. 288, 78 S. E. 290.

The object and purpose of specifying the time in a notice of public sale is to advise and secure the presence of persons who might desire to bid upon and purchase the property to be sold. The naming of the specific hour in a notice of public sale would have a tendency to secure a greater number of purchasers and bidders at such sale than a notice merely naming the day, as it might be a great inconvenience to some intended or prospective bidders and purchasers to remain at the place of sale many hours of the day in uncertainty as to the time when such sale would take place.   We are of the view that section 640 of our Code requires the specific hour of the day to be named.

We are of the view, and therefore hold, that the foreclosure sale in question was void and of no effect, and conveyed no title to the appellant by virtue thereof.   We are also of the view that no other substantial defect appears in said notice of sale or foreclosure procedure.

Finding no error in the record, the judgment and order appealed from are affirmed.