CELSUS C. YOUNG ET AL., APPELLEES, V. ROBERT B. THOMPSON ET AL. APPELLANTS.

FILED OCTOBER 15, 1926. No. 24291.

Mortgages: FORECLOSURE: PLEADING AND PROOF. In a suit in equity to foreclose a mortgage on real estate, plaintiff is required by statute to allege that no proceeding at law to recover the debt has been instituted, and it is necessary to prove that fact, if denied by defendant in his answer.

APPEAL from the district court for Cherry county: WILLIAM H. WESTOVER, JUDGE. *Reversed.*

*James C. Quigley,* for appellants.

*A. B. Green* and *Ruby & Tucker, contra.*

Heard before MORRISSEY, C. J., ROSE, DEAN, DAY, GOOD and THOMPSON, JJ.

ROSE, J.

This is a suit in equity commenced by Celsus C. Young, plaintiff, to foreclose a mortgage executed by Robert B.

Young v. Thompson.

Thompson and Belle M. Thompson, mortgagors, defendants, on real estate in Cherry county to secure the payment of two promissory notes aggregating $19,447.77. Francis E. Cronin was also sued as a defendant, the petition alleging that he claimed some interest in the mortgaged property, and he afterward filed an answer and a cross-petition praying for the foreclosure of a mortgage, executed by the other defendants, on the same property to secure to him the payment of two promissory notes aggregating $2,437. The facts stated in the petitions were put in issue by general denials of the mortgagors. The trial resulted in a decree for the foreclosure of both mortgages. Mortgagors appealed.

Failure to prove material allegations of the petitions is the ground of appeal. Each petition contained the plea that there had been no proceeding at law for the recovery of the debt secured by the mortgage. This allegation was denied in the answers of mortgagors. Mortgagees failed to prove the fact thus put in issue. The decree of foreclosure was therefore erroneous. The statute requires an allegation that no proceeding at law to recover the debt has been instituted, and proof of that fact is necessary, if denied in the answer. This technicality was created by legislative enactment and neither the parties nor the courts are at liberty to disregard it. Comp. St. 1922, sec. 9212; *Beebe v. Bahr*, 84 Neb. 191, and cases cited therein; *Great Western Commission Co. v. Schmeeckle*, 99 Neb. 672. There was also a failure to prove other material allegations of Cronin's petition. For the reasons stated, the judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED.