CEVILLA MCMONIES ET AL., APPELLEES, V. JOHN H.
LINDGREN ET AL., APPELLEES: GUSTAF A.
ANDERSON, APPELLANT.

FILED FEBRUARY 1, 1927.   No. 24549.

Mortgages:   FORECLOSURE:   PLEADING AND PROOF.   " In a suit in
    equity to foreclose a mortgage on real estate, plaintiff is re-
    quired by statute to allege that no proceeding at law to recover
    the debt has been instituted, and it is necessary to prove that
    fact, if denied by defendant in his answer." *Young v. Thomp-
    son,* 114 Neb. 804.

APPEAL from the district court for Burt county: WIL-
LIAM G. HASTINGS, JUDGE. *Reversed.*

J. A. *Singhaus,* for appellant.

*Herbert Rhoades, contra.*

Heard before ROSE, DEAN, DAY, GOOD, THOMPSON and
EBERLY, JJ.

ROSE, J.

This is a suit in equity commenced by Cevilla McMonies
and C. E. McMonies, plaintiffs, to foreclose a mortgage for
$48,200, on 320 acres of land in Burt county. The mort-
gagors were John H. Lindgren and Anna Lindgren. Their
equity of redemption was acquired by Gustaf A. Anderson.
All three and other interested parties were sued as defend-
ants. Anderson objected to jurisdiction over him, but sub-
sequently filed a general denial after his objections were
overruled. Upon a trial of the issues the district court de-
creed a foreclosure. By supplemental proceedings, resist-
ed by Anderson, a receiver for the mortgaged premises was
appointed and he is in charge of the property in litigation.
Anderson alone appealed.

Failure to prove material allegations of the petition is
urged as a ground for the reversal of the decree of fore-
closure. The petition contained the allegation that there
had been no proceeding at law for the recovery of the debt
secured by the mortgage. This allegation was required by
a technical provision of statute. Comp. St. 1922, sec. 9212.
The burden was on plaintiffs to prove what they had thus

pleaded. Neither the plaintiffs nor the courts are at liberty to disregard the requirements of the statute. *Young v. Thompson,* 114 Neb. 804. The bill of exceptions does not contain evidence that no proceeding at law to recover the debt has been instituted. For this failure of proof, therefore, the decree of foreclosure is erroneous.

Other questions presented are failure to make personal service of summons on Anderson or to bring him into court by proper publication of notice and assigned error in the appointment of a receiver without cause. An examination of the evidence from every standpoint leads to the conclusion that the objections to jurisdiction were properly overruled and that the power of the district court to appoint a receiver was properly exercised under the circumstances. Anderson was not prejudiced. His interests were protected by counsel, though urging objections to jurisdiction.

For failure of plaintiffs to prove their allegation that no proceeding at law to recover the debt had been instituted, the decree of foreclosure is reversed and the cause remanded for further proceedings.

REVERSED.