CRAWFORD STATE BANK, Appellant, v. DANKS, et al, Respondents.

(243 N. W. 735.)

(File No. 7197. Opinion filed July 8, 1932.)

*Williams & Sweet,* of Rapid City, for Appellant.
*E. B. Adams,* of Hot Springs, for Respondent Danks.
*H. M. Lewis,* of Hot Springs, for Respondent Christensen.

RUDOLPH, J. Demurrers to the complaint in this action were sustained in the trial court. The complaint alleges, in substance, the execution and delivery of a certain note by the defendant Mary Danks to J. C. Christensen, and the giving of a mortgage to secure the note. The mortgage contained the usual power of sale, and was duly recorded. Thereafter the mortgage and the note were assigned by the payee, J. C. Christensen, to the defendant, First National Bank. The assignment of the mortgage was duly recorded. The defendant First National Bank thereafter transferred, by a written indorsement thereon, the note secured by the mortgage, and delivered the mortgage to the plaintiff. There was no written assignment of the mortgage executed by the defendant First National Bank. The indebtedness became due, the note was presented for payment, and payment refused; notice of dishonor was given to the indorser, J. C. Christensen, and demand made upon him for payment, which

was not made. Thereafter the plaintiff took the said note and mortgage to a reputable attorney in South Dakota, and employed him to foreclose said mortgage for the plaintiff. No instructions as to how to proceed were given to the attorney, but the matter was left to him to proceed according to law. The attorney instituted foreclosure proceedings by advertisement in the name of and purporting to be for the defendant First National Bank, and caused notice of foreclosure sale to be published. At the hour appointed for the foreclosure sale, the attorney, without any authority from the plaintiff or from the defendant First National Bank, and through inadvertence and mistake, bid in and purchased the entire mortgaged premises for and in the name of the defendant First National Bank for the total sum of the indebtedness then due the plaintiff. The plaintiff knew nothing of the sale and purchase by the attorney until long after the sale. The defendant R. L. Porter, as sheriff, executed a purported certificate of sale to the defendant First National Bank, which instrument was thereafter recorded in the county in which the land was situated and remains on the records of said county. At the time of the sale, the land was of a reasonable value not to exceed $400, and the bid placed thereon by the said attorney was $1,820.47. J. C. Christensen died subsequent to the sale, and the defendant Amelia Christensen is the administratrix of his estate. Within the time allowed by law for filing claims against the estate, the plaintiff presented to the said administratrix a duly verified claim against this said estate, based upon the promissory note. The administratrix rejected the claim, and thereafter at a hearing before the county judge the claim was also rejected by him and an order of rejection made and entered in the probate proceedings. This action was commenced prior to the expiration of ninety days thereafter. The plaintiff asks for judgment against the defendant Mary Danks and the defendant Amelia Christensen, as administratrix of the estate of J. C. Christensen, deceased, for the amount of principal and interest due upon said note, that the mortgage be foreclosed according to law, and that any deficiency remaining be paid by the defendants Danks and Christensen. The plaintiff further asks that the purported foreclosure sale by advertisement be adjudged and decreed to be in all things null and void, and that the same be canceled of record.

The defendants Danks and Christensen separately demurred

to the complaint upon the following statutory grounds: (1) That the plaintiff has not legal capacity to sue. (2) That there ·is a defect of parties plaintiff and defendant. (3)· That several causes of action have been improperly united. (4) That the complaint fails to state facts sufficient to constitute a cause of action. The .trial court entered an order sustaining the demurrer of each defendant, and the appeal is from this order. Neither of the defendants have presented to this court, nor argued herein, any reason for sustaining the demurrer other than that the complaint does not state facts sufficient to constitute a cause of action.

The respondents take the position that the plaintiff is bound by the foreclosure by advertisement, set up in the complaint, and that, therefore, the complaint states facts negativing any rights that the plaintiff has under the note and mortgage. The appellant contends that the foreclosure by advertisement was void, and that, this foreclosure being void, the same should be canceled of record, and foreclosure of the mortgage allowed. The real question, therefore, is the effect of the purported foreclosure proceeding by advertisement.

Section 1551, R. C. 1919, in part, provides as follows: "The assignment of a debt secured by mortgage carries with it the security."

Under this section of our ·Code the assignment of the note by the defendant First National Bank to the plaintiff carried with it the mortgage security without any written assignment of the mortgage. Barbour v. Finke, 47 ·S. ·D. 644, 201 N. W. 711, 40 A. L. R. 829. The power of sale contained in the mortgage was therefore vested in the plaintiff, subject to other statutory provisions hereinafter referred to. This court in the case of Brown v. Hall, 32 S. ·D. 225, on page 234, 142 N. W. 854, 856, said: "After the mortgage was assigned, the trustee [the mortgagee] could not have exercised the power of sale. Langmaack v. Keith, 19 S. D. 351, 103 N. W. 210. But such power of sale was a part of the security, and as such it passed with the mortgage by assignment and became available to the assignee."

After the assignment of this indebtedness by the defendant First National Bank to the plaintiff, the power of sale contained in the mortgage was vested in the plaintiff, and could have been ex-

ercised only by it. Any attempt on the part of the defendant First National Bank to exercise the power of sale contained in the mortgage would have been without authority and void. However, under the facts as presented here, the question arises whether or not the plaintiff could in behalf of itself exercise the power of sale, which was vested in it by the assignment of the indebtedness, in the name of the defendant First National Bank, who held the written assignment of the mortgage. We are of the opinion that it could not. In the early case of Hickey v. Richards, 3 Dak. 345, 20 N. W. 428, 429, the territorial Supreme Court, speaking through Judge Palmer, with reference to foreclosure of mortgage by advertisement under the provisions of the law of the territory, stated as follows:

"The primary object sought by the body of lawmakers in placing such an enactment upon the statute, seems to have been to provide a proceeding which would be more speedy and less expensive than the ordinary court process; at the same time attaching the condition, that all mortgages and all assignments of the same, should first be recorded before the party could avail himself of this summary provision of the law above quoted. It would thus be what the law-makers doubtless intended it should be—full and complete notice to all others who may have acquired an interest in the same property.

"This would seem to be indispensable to render that proper and perfect protection which other parties would clearly be entitled to; and such was manifestly the purpose of the legislature when the plain and unequivocal enactment above set forth was adopted as a part of the law of the territory. No other intention is apparent.

"If, then, such a record is essential, it follows as a matter of necessity that the assignment should be in writing. Neither of these requirements were met by the appellant in this case."

Section 2877, R. C. 1919, provides as follows:

"To entitle any party to give notice, as hereinafter prescribed, and to make such foreclosure, it shall be requisite:

"3. That the mortgage containing such power of sale has been duly recorded, and, if it shall have been assigned, that all the assignments thereof have been duly recorded in the county where such mortgaged premises are situated."

The above-quoted section 2877 is identical with the law of the territory of Dakota as it was at the time the case of Hickey v. Richards was decided. This court has followed the rule announced by the territorial court. See Erickson v. Conniff, 19 S. D. 41, 101 N. W. 1104; Langmaack v. Keith, 19 S. D. 351, 103 N. W. 210; Cooper v. Harvey, 21 S. D. 471, 113 N. W. 717; Kenny v. McKenzie, 23 S. D. 111, 120 N. W. 781, 49 L. R. A. (N. S.) 775.

Foreclosure proceedings by advertisement are purely statutory. Unless the terms of the statute are complied with, there can be no valid proceedings. Jensen v. Andrews, 39 S. D. 104, 163 N. W. 571. Section 2877 is unequivocal in its terms, and we can see no escape from the conclusion that, to entitle an owner of a mortgage to foreclose it by advertisement, the mortgage and all assignments thereof must be in writing and duly filed. The plain terms of the statute may not be circumvented by the holder of a mortgage, who has no written assignment thereof, foreclosing the mortgage by advertisement in the name of the mortgagee or some prior assignee, whose assignment is recorded. To make the power of sale operative, so far as this plaintiff is concerned and to entitle the plaintiff to foreclose this mortgage by advertisement, section 2877 makes necessary the recording of all assignments of the mortgage as a prerequisite to such proceedings. We are of the opinion that the failure to comply with this section renders invalid the attempted foreclosure by advertisement. It should be pointed out at this time, that the rights of innocent third persons, who for value purchase the premises at the void foreclosure sale, are not involved in this case. See Jones on Mortgages (Eighth Edition) § 2151; also Merrill v. Luce, 6 S. D. 354, 61 N. W. 43, 55 Am. St. Rep. 844.

The plaintiff is entitled to a legal proceeding to foreclose its mortgage. This has not been had. The proceeding by advertisement being void, the mortgage still exists; the plaintiff is the owner and holder and entitled to proceed by action for its foreclosure. Plaintiff, being entitled to foreclose the mortgage, is also entitled to have the record cleared of this void foreclosure by advertisement.

The respondents contend that they are entitled to

the benefit of the bid placed on the premises in these void proceedings by advertisement. We can see no merit to this contention. The proceedings being void, they were of no effect to convey title. Jensen v. Andrews, supra. Respondents are therefore, in so far as there is anything disclosed in the complaint, in the same position as though the proceedings never were had. The proceedings were void, no title was conveyed, respondents lost nothing or gained nothing thereby. We see no reason why respondents should be entitled to the benefit of the bid in these void proceedings. Respondents also contend that the doctrine, "where one of two innocent persons must suffer by the act of a third, he by whose negligence it happened must be the sufferer," as applicable to the facts alleged in the complaint. In what way have respondents suffered? The proceedings being void, as above pointed out, respondents lost nothing or gained nothing. If respondents did suffer because of these void proceedings or relied to their harm thereon, there is nothing in the complaint from which such a conclusion could be drawn.

Respondents, however, point out one fatal defect in the complaint. There is no allegation in the complaint in effect stating whether any proceedings have been had at law or otherwise, for the recovery of the debt secured by the mortgage or any part thereof. Section 2901, R. C. 1919, provides as follows: "In an action for the foreclosure or satisfaction of a mortgage, the complaint shall state whether any proceedings have been had at law or otherwise for the recovery of the debt secured by such mortgage, or any part thereof; and if there has, whether any and what part thereof has been collected."

This provision of our Code is plain and unambiguous, and it is neither for the parties or the court to disregard it. There is nothing in the complaint to negative the possibility that there is a suit upon the note pending or that a judgment has been obtained. North Dakota has an identical statute, and in the case of Fisher v. Bouisson, 3 N. D. 493, 57 N. W. 505, 506, the North Dakota court said as follows: "The complaint in this action fails to state what proceedings have been had to collect the debt. It sets forth an attempt to foreclose the mortgage by advertisement, and the issuing of an injunction restraining such proceedings; but it nowhere appears that no other proceedings have been instituted to collect the

debt. The pendency of several suits upon the principal and different coupon interest notes, or the existence of a number of judgments upon such notes, would not be inconsistent with the allegations of the complaint. Plaintiff merely avers that he made an unsuccessful effort to foreclose by advertisement, and that no further steps were taken before the commencement of this action for the foreclosure of the mortgage. Nothing is said, as to whether anything had been done to collect the debt independently of foreclosure proceedings. It is this very fact which the statute requires to be stated in the complaint. The complaint is silent with reference to it. The statute is imperative. The complaint shall state 'whether any proceedings have been had at law, or otherwise, for the recovery of the debt secured by the mortgage, or any part thereof.' We think that the failure of the plaintiff to comply with this requirement of the statute was fatal to his complaint, on demurrer, and the demurrer, therefore, should have been sustained." See, also, Young v. Thompson, 114 Neb. 804, 210 N. W. 407; McMonies v. Lindgren, 115 Neb. 207, 212 N. W. 45.

The demurrer to the complaint was therefore properly sustained for the reason that the plaintiff failed to comply with the plain provisions of the statute above quoted.

 We are of the opinion that causes of action have not been improperly united. There is but one cause of action attempted to be stated; that is, for the recovery of the debt and the foreclosure of the mortgage. The request that the proceedings by advertisement be set aside as void is simply an incident in the foreclosure action. Upton v. Hugos, 7 S. D. 476, 64 N. W. 523; Ricker v. Stott, 13 S. D. 208, 83 N. W. 47.

We find no merit in the other grounds of the demurrer, and, as they have not been urged or argued by respondents, we refrain from any discussion concerning them.

The order appealed from is affirmed.

CAMPBELL, P. J., and POLLEY, ROBERTS, and WARREN, JJ., concur.