C. B. S. GOSS v. HENRY HERMAN, Leopold Jochem, James F. Trottman, S. N. Putman, E. S. Severtson, Frederick T. Day, Melvin Grigsby, and All Other Persons Unknown, Claiming Any Right, Estate or Interest in, or Lien or Encumbrance upon the Property Described in the Complaint, and All Unknown Heirs, Defendants. Melvin Grigsby and Frederick T. Day, Appellants.

(127 N. W. 78.)

Taxation — Tax Deeds — State, Not County, the Grantor.

1. A tax deed executed in the name of the county of Eddy by the county auditor of said county, instead of in the name of the state of North Dakota, is void, and conveys no title.

Adverse Claims — Action to Determine — Counterclaims.

2. In an action to determine adverse claims, where a defendant named in the summons and complaint pleads a counterclaim asserting title in himself adverse and superior to that of the plaintiff, such defendant becomes, as to his claim of title, in effect, a plaintiff, and may maintain his counterclaim in the name of his grantor in the same manner as though he had been the party initiating the suit.

Evidence — Judicial Notice.

3. Courts of the state cannot take judicial notice of the assignment or bankruptcy laws of another state.

Recording Transfers — Evidence.

4. A copy of a deed of assignment for the benefit of creditors, certified to be a copy by a court commissioner of a circuit court of Wisconsin, and containing no original acknowledgment by the grantor therein named, is not entitled to record in the office of the register of deeds in the county in this state wherein the lands are situated, which are claimed to be conveyed by such deed of assignment.

Acknowledgment — Recording of Copies — Evidence.

5. Notwithstanding a copy of a deed of assignment as described in paragraph 4 was in fact recorded in the office of such register of deeds, the record thereof is not competent evidence of title to land therein described.

Note.—On the question of judicial notice of the laws of another state, there are numberless authorities holding, in harmony with Goss v. HERMAN, that courts of one state will not, in the absence of an express statute of the forum to that effect, take judicial notice of the laws of another state, the several states of the Union being regarded as foreign to each other. Many of these authorities are reviewed in a note in 67 L.R.A. 34, on the subject, "How a case is determined when proper foreign law is not proved."

**Acknowledgment — Officers Entitled to Take — Execution out of the State — Admissibility to Record — Evidence.**

6. Section 5013, Rev. Codes, 1905, contains provisions relating to the acknowledgment of an instrument taken without this state, and prescribes the necessary requirements to entitle it to record, and among such requirements is one that it shall be acknowledged before one of certain officers named therein. A court commissioner is not among those so named, and the record of an instrument purporting to be acknowledged before a court commissioner of another state is not competent evidence in the absence of proof that he was authorized by the laws of such state to take acknowledgments.

**Evidence — Proceedings of Foreign Courts — Exemplification of Foreign Records.**

7. Records of proceedings and decrees of foreign courts not exemplified, but only certified as correct copies or transcripts by a court commissioner of such court, not under seal, are incompetent as evidence in courts of this state on the trial of actions therein.

**Question Not Decided.**

8. Whether a deed by a foreign assignee for the benefit of creditors, which has annexed and as part of it a decree of a foreign court confirming the sale which such deed purports to have been made to carry out, and ordering the execution and delivery thereof, such decree containing recitals to the effect that it is granted on the petition of the assignee, conveys title to the land in this state, wherein no assignment was in fact made and no proceedings ancillary to the foreign assignment have taken place, in the absence of proof that it was under a voluntary assignment, is not determined.

**Quieting Title — Presumption of Possession — Nature.**

9. While the possession of real property furnishes a presumption of title, it does not preclude the adverse party from showing a want of title in the party claiming it through possession.

**Quieting Title — Laches.**

10. On the principle that knowledge is an essential element of laches, defendants in an action to determine adverse claims to real property, who allege title in themselves, are not precluded from maintaining a defense by lapse of time, while such defendants were ignorant of the claim of the adverse party, prior to the bringing of the action.

**Case Remanded for New Trial.**

11. Under the facts disclosed by the record in this case, although it is in the supreme court for trial *de novo*, and particularly in view of the lack of evidence on some material questions relative to the title of both appellants and respondents, it is remanded to the district court for a new trial.

Opinion filed May 6, 1910.  On Petition for Rehearing June 25, 1910.

Appeal from District Court of Eddy county; *Burke, J.*

Action to determine adverse claims to real property. From a judgment quieting title in plaintiffs, defendants Grigsby and Day appeal.

Judgment of district court vacated and the action remanded for a new trial.

*Maddux & Rinker* and *Grigsby & Grigsby,* for appellant.

There must be statutory authority to make the record of a certified copy of an instrument notice or evidence. Devlin, Deeds, § 665; Lund v. Rice, 9 Minn. 230, Gil. 215; Central Trust Co. v. Georgia P; R. Co. 83 Fed. 397; Porter v. Dement, 35 Ill. 478.

The law of a foreign state is presumed to be the same as that of the forum; Hickman v. Alpaugh, 21 Cal. 225; Brown v. Wright, 21 L.R.A. 467 and notes, 58 Ark. 20, 22 S. W. 1022.

Where the statute requires a schedule of property to accompany an assignment for the benefit of creditors, its absence is fatal to the assignment. Farmer v. Cobban, 4 Dak. 425, 29 N. W. 12; Landauer v. Conklin, 3 S. D. 462, 54 N. W. 322; Cannon v. Deming, 3 S. D. 421, 53 N. W. 863; Juliand v. Rathbone, 39 N. Y. 369.

Judicial proceedings of a foreign state have no extraterritorial force. Robertson v. Pickrell, 109 U. S. 608, 27 L. ed. 1049, 3 Sup. Ct. Rep. 407; Wells, F. & Co. v. Walsh, 87 Wis. 67, 57 N. W. 969; Segnitz v. Garden City Bkg. & T. Co. 107 Wis. 171, 50 L.R.A. 327, 81 Am. St. Rep. 830, 83 N. W. 327; Security Trust Co. v. Dodd, 173 U. S. 624, 43 L. ed. 835, 19 Sup. Ct. Rep. 545; Hutcheson v. Peshine, 16 N. J. Eq. 170; Osborn v. Adams, 18 Pick. 247; Bock v. Perkins, 139 U. S. 628, 35 L. ed. 314, 11 Sup. Ct. Rep. 677.

Sale of land in this state under assignment proceedings of a foreign jurisdiction is void. Story, Confl. L. §§ 428, 448, 551 & 555; Burrill, Assignm. § 204; Williams v. Maus, 6 Watts, 278, 31 Am. Dec. 465; Osborn v. Adams, 18 Pick. 247; City Ins. Co. v. Commercial Bank, 68 Ill. 348; Rhawn v. Pearce, 110 Ill. 350, 51 Am. Rep. 691; 3 Am. & Eng. Enc. Law, 2d ed. p. 53; Hutcheson v. Peshine, 16 N. J. Eq. 170; Loving v. Pairo, 10 Iowa, 282, 77 Am. Dec. 108; Munson v. Frazer, 73 Iowa, 177, 34 N. W. 804; Rogers v. Allen, 3 Ohio, 489; Rockwell v. Brown, 42 How. Pr. 226; Heyer v. Alexander, 108 Ill. 385; Gardner v. Commercial Nat. Bank, 95 Ill. 298; McCormick v.

Sullivant, 10 Wheat. 194, 6 L. ed. 301; United States v. Crosby, 7 Cranch, 115, 3 L. ed. 287; Kerr v. Moon, 9 Wheat. 565, 6 L. ed. 161.

Estoppels must be pleaded. Sutton v. Consolidated Apex Min. Co. 15 S. D. 410, 89 N. W. 1020; McQueen v. Bank of Edgemont, 20 S. D. 378, 107 N. W. 209; State v. Mellette, 16 S. D. 297, 92 N. W. 395; Bigelow, Estoppel, 5th ed. 507, 16 Cyc. Law & Proc. pp. 811, 812; Hall v. Henderson, 126 Ala. 449, 61 L.R.A. 621, 85 Am. St. Rep. 62, 28 So. 531; Beals v. Cohen, 27 Colo. 473, 83 Am. St. Rep. 96, 62 Pac. 948, 20 Mor. Min. Rep. 591; Martin v. Zelerbach, 38 Cal. 300, 99 Am. Dec. 365.

*George W. Thorpe* and *Edward H. Wright,* for respondents.

The law of a foreign state is presumed to be the same as the common law. Rev. Codes 1905, § 7317, subdiv. 41; Leonard v. Fleming, 13 N. D. 629, 102 N. W. 309.

A voluntary assignment by a citizen of a foreign state passes title to property in this state. Sexton v. Wheaton, 8 Wheat. 229, 242, 5 L. ed. 603, 607; Burrill, Assignm. § 9.

An assignment for the benefit of creditors is good whether an inventory is made or not. Ely v. Hair, 16 B. Mon. 239; Clark v. Mix, 15 Conn. 177; Woodward v. Marshall, 22 Pick. 473; Keyes v. Brush, 2 Paige, 311; Hollister v. Loud, 2 Mich. 310; Nye v. Van Husan, 6 Mich. 329, 74 Am. Dec. 690.

SPALDING, J. This action was brought by C. B. S. Goss against Henry Herman, Leopold Jochem, James F. Trottman, S. N. Putman, E. S. Severtson, Frederick T. Day, Melvin Grigsby, and other persons unknown claiming any estate or interest in the Northwest ¼ of section 32, Township 148 north, of range 66 west, in Eddy county, North Dakota. The complaint, in general, is for the determination of adverse claims, although it contains some allegations not included in the statutory form. It is unnecessary to set it out in full, or the answers, as the usual allegations will be sufficiently stated wherever necessary when considering the legal questions.

The defendant Grigsby answered, claiming title in himself and generally denying the allegations of the complaint, though admitting some, and he sets forth a counterclaim in the usual form and asks that the title be quieted in him. The defendant Day answers individually and in behalf of and as trustee for his grantee, the defendant Grigsby.

Plaintiff had judgment, and the defendant Grigsby and Day appeal. The record discloses that on the 24th day of May, 1893, appellant Day was the owner in fee simple of the land described, and that on the 18th day of November, 1904, he executed and delivered to the appellant Grigsby, for a valuable consideration, consisting largely in the settlement or partial payment and settlement of indebtedness of said Day to Grigsby owing at that time in a large amount, a deed whereby he granted to Grigsby such land. This deed was filed for record in the office of the register of deeds in Eddy county on the 26th day of November, 1904.

The question in this case is whether, as against the respondent, appellants have any title or interest in the described premises. The chain of title through which respondent claims, in brief, is as follows: A quitclaim deed from Day and wife delivered to the Plankington Bank May 24, 1893, which is shown, without conflict in the evidence, to have been delivered with deeds of a large amount of other property as security for indebtedness owing by Day to the bank, amounting to approximately, $200,000. This deed was recorded in the office of the register of deeds of Eddy county on the 3d day of July, 1893. A deed of assignment by the Plankington Bank, executed on the 1st day of June, 1893, to William Plankington, as assignee, in trust for the benefit of its creditors, which deed recites that it was made as provided by chapter 80 of the Revised Statutes of the state of Wisconsin and the acts amendatory thereto, and that it conveys, among other things, all and singular, the lands, tenements, and hereditaments and appurtenances, property, and effects of every kind and description, real and personal and mixed, belonging to said bank, or in which it has any right or interest, the same being more fully described in an inventory, under oath, of the officers of said bank, to be filed by it in the office of the clerk of the circuit court of the county of Milwaukee, in the state of Wisconsin, within twenty days after the execution thereof. A copy certified by a commissioner of the circuit court of Milwaukee county, Wisconsin, is the only record of this deed shown by the record, and this was recorded in the office of the register of deeds of Eddy county June 22, 1900. A quitclaim deed from Plankington, as assignee, to Irving M. Bean, as assignee of the Plankington Bank and successor to the said Plankington, dated August 28, 1899, recorded June 23, 1900. An order of the circuit court of Milwaukee county, Wisconsin, certified to by the clerk of that court

as a correct copy, and dated June 18, 1899, wherein it is recited that proceedings were had on the 10th day of May, 1899, accepting the resignation of Plankington as assignee and, among other things, appointing Irving M. Bean as his successor in trust. A copy of an order of said circuit court, certified by the clerk thereof on the 2d of June, 1900, and bearing date December 20, 1899, and filed for record in Eddy county, June 22, 1900, wherein the court vacates and sets aside the order of June 18, 1899, appointing Bean as assignee, and appoints Henry Herman as assignee to succeed Plankington and Bean. A quitclaim deed from Bean as assignee to Herman as assignee, dated December 29, 1899, and recorded June 23, 1900. A copy certified by the clerk of the circuit court of Milwaukee county, Wisconsin, of a decree of that court bearing date May 28, 1900, and recorded in the office of the register of deeds of Eddy county June 23, 1900, wherein it is recited that Herman, as assignee, had on April 14, 1900, and April 25, 1900, petitioned that court for instructions and a decree relative to the land in question among other tracts, and that proof of service on the Plankington Bank had been made, and finding that on May 23, 1893, Day was the owner in fee and in possession of the land in question, and on that date conveyed the same to the Plankington Bank, and that the offer of Leopold E. Jochem for the land in question was a fair price therefor, and that it would be to the best interest of the assigned estate that his offer be accepted, and ordering, adjudging, and decreeing that the sale thereof to Jochem be confirmed, and Herman, as assignee, authorized and instructed to execute and deliver, as assignee, to Jochem a deed thereof, and that a certified copy of the findings and decree be annexed to such assignee's deed. This decree does not show service of the application or notice, or of any of the proceedings upon Day, or upon any person claiming under him except the Plankington Bank. A deed from Herman, as assignee, dated June 18, 1900, to Jochem, reciting that it is executed in compliance with the order of the circuit court of Milwaukee county, Wisconsin, dated May 28, 1900, conveying the land in question "to the same extent as owned and held by the Plankington Bank of Milwaukee, Wisconsin, previous to this assignment described in said order annexed, and since which its assignee in said assignment proceedings, and otherwise acquired, . . . and also the estate, right, title, interest, claim, and demand whatsoever, both in law

and in equity, which the Plankington Bank aforesaid had at the time
of said assignment, and in which the party of the first part and his
predecessors in said trust, hath or acquired by virtue of said assign-
ment or otherwise." This deed was recorded June 23, 1900. A war-
ranty deed from Jochem to defendants Putman and Severtson, dated
August 27, 1902, recorded September 1, 1902. A tax deed between
the county of Eddy by James Hackney, auditor of said county, and
James F. Trottman, dated December 10, 1900, and recorded the same
day. A quitclaim deed from Trottman to Putman and Severtson, dated
June 16, 1902, recorded September 1, 1902. A warranty deed from
Putnam and Severtson to Goss, the plaintiff, dated August 5, 1903,
recorded August 22, 1903.

It will thus be seen that the respondent claims title from two sources;
First, through the assignment for the benefit of the creditors of the
Plankington Bank; and, second, through the tax deed. We may elim-
inate at once from our consideration the tax deed, as it is drawn in the
name of the county of Eddy instead of in the name of the state of
North Dakota. This is fatal to its validity. Such a deed has been
held absolutely void in State Finance Co. v. Mulberger, 16 N. D. 214,
125 Am. St. Rep. 650, 112 N. W. 986; State Finance Co. v. Beck, 15
N. D. 374, 109 N. W. 357; Beggs v. Paine, 15 N. D. 436, 109 N. W.
322. The respondent claims that inasmuch as the deed from Day to
Grigsby was given when Day was not in possession, and it is assumed
that he had not been for more than one year theretofore, that it is void.
His argument is based on the assumption that Day could not inject
himself as a party defendant into the action and defend in behalf of
Grigsby, and that Grigsby cannot defend in the name of Day, his
grantor, when setting up a counterclaim. This rests on a mistaken
assumption of fact that Day was not an original party defendant to the
action, and is doubtless an oversight on the part of counsel. As we have
shown, Day was one of the original defendants, and when a defendant
pleads a counterclaim setting up title in himself, and asking that title
be quieted in him, he becomes, as to his own title or claim of title,
a plaintiff, and we see no reason why the defense, as it relates to the
counterclaim, may not be conducted by the holder of a deed given when
the grantor was out of possession, in the name of the grantee, precisely
the same as though he had been the actual plaintiff in the proceeding.

In fact no contention is made that he cannot do so if Day was a party defendant, as he was. It is contended on the part of appellants that the assignment of the Plankington Bank having been made under the statute of Wisconsin, which this court held in Adams v. Hartzell, 18 N. D. 221, 119 N. W. 635, was in effect a bankruptcy law, has no effect on real property outside the limits of the state of Wisconsin. We are limited to a consideration of the evidence found in the record, and the defendant failed to introduce any evidence of the Wisconsin statute. We cannot take judicial notice of it, and hence cannot pass on this question.

Several interesting questions might be predicated on the effect of the disclosure in the pleadings and evidence that this assignment was made pursuant to the Wisconsin statutes, as to whether the record discloses that these statutes do not provide for a common-law assignment, and, if not, what presumption arises from the allegations of the pleadings and the proof relating to the nature of the assignment, but we shall not determine them. If the respondent's chain of title is perfect, and the record does not disclose that he had knowledge or notice of the fact that Day's deed to the bank was a mortgage, then the judgment of the trial court must be affirmed. Without going into details as to the different objections offered by the appellants to the reception of the various deeds and orders and decrees of the circuit court of Wisconsin, it is sufficient to say that these orders and decrees are not exemplified copies, and are not entitled to admission in evidence in this state. Section 7297, Rev. Codes 1905. Their offer in evidence was met by timely objections. Considerable stress is laid upon the fact that the schedule is not attached to the deed of assignment as recorded in the office of the register of deeds of Eddy county, and it is argued that therefore the land in question is not described so as to show that the deed of assignment works a conveyance thereof. We need not pass upon this question. The objection made to the record of the deed of assignment as evidence is fatal to the respondent's claim of a perfect chain of title, regardless of objections to other incompetent evidence. The deed of assignment was not entitled to record in the office of the register of deeds. The original was not recorded in that office. The only record made was that of a certified copy, certified by a party claiming to be a court commissioner in Wisconsin, without any seal of office or certifi-

cation; and such a document is not entitled to record, and, when offered in evidence as a part of the records of the register of deeds office of Eddy county, is incompetent, as our statute nowhere provides for the admission of such evidence. It is incompetent for another reason. It was acknowledged before a court commissioner of Wisconsin. Section 5013, Rev. Codes 1905, contains the provisions of our Code relating to the acknowledgments taken without this state necessary to entitle them to record herein, and provides that, when made without this state and within the United States and within the jurisdiction of the officer before whom the acknowledgment is taken, such acknowledgment may be taken:

"1. By a justice, judge, or clerk of any court of record of the United States.

"2. A justice, judge, or clerk of any court of record of any state or territory; or

"3. A notary public; or

"4. Any other officer of the state or territory where the acknowledgment is made, authorized by its laws to take such proof or acknowledgment.

"5. A commissioner appointed for the purpose by the governor of this state pursuant to the Political Code."

It will be seen that the court commissioner of the circuit court of Wisconsin is not one of the officers named unless included within the provisions of paragraph 4. No proof was submitted showing that a court commissioner of the circuit court of Wisconsin is authorized by the laws of that state to take acknowledgments, and it is elementary that such proof is necessary to entitle an instrument so acknowledged to record. 1 Cyc. Law & Proc. pp. 551, 613, 856. Section 5002, Rev. Codes, 1905, prescribed the requirements necessary to entitle an instrument to record, and is to the effect that it must be acknowledged by the person executing it or proved by a subscribing witness and the acknowledgment or proof certified in the manner prescribed by article 3, chapter 39, Rev. Codes 1905, having particular reference to § 5013, supra. The deed not being entitled to record in that office of the register of deeds, its record in that office, which was the only proof of the deed or of its execution submitted, is incompetent as evidence of a conveyance of title. It may be claimed, although not referred to in respond-

ent's brief or argument, that this defect has been cured by § 5024, Rev. Codes 1905. This section was enacted in 1901, and provides that the acknowledgments of all deeds, mortgages, or other instruments in writing taken and certified previous to July 1, 1901, and which had been duly recorded in the proper counties of this state, are hereby declared to be legal and valid in all courts of law and equity in this state or elsewhere, anything in the laws of this state in regard to acknowledgment to the contrary notwithstanding, with certain exceptions not necessary to be mentioned. From what we have stated with reference to this acknowledgment, it is clear that the record contains no proof of acknowledgment, and only a certified copy made by an officer, so far as disclosed by the record, without power to certify, or what purports only to be a copy instead of a certification. We further have grave doubts of the curative statute covering acknowledgments of this character. The act of which § 5024 is a copy is entitled, "An Act to Cure Defective Acknowledgments," and its effect may only be to cure defects in form or substance without going to the extent of making a certificate an acknowledgment which was not so in the first instance, because not certified by an officer shown to be qualified to take acknowledgments. No showing is made of either Day or Grigsby having actual knowledge of any conveyance of this land by any of the assignees or the Wisconsin court when the deed from Day to Grigsby was delivered. All the appellant Grigsby claims is the title subject to the deed given by Day to the Plankington Bank as a mortgage; but no issue was made with reference to the amount due on the mortgage or the amount necessary to redeem, and no evidence was submitted on these or any collateral questions, and the question of Goss being an equitable assignee of the mortgagee or of any interest in it, is not raised. A serious doubt of respondent's title would arise if we were to assume that the deed of assignment and the other deeds and the orders and decrees of Wisconsin court properly in evidence. It appears that the deed from Herman, as assignee, to Jochem, has annexed to and as a part of it, the decree of the Wisconsin court confirming the sale and ordering the execution and delivery of such deed. This, in connection with the recitals contained in such decree, to the effect that it is granted upon the petition of the assignee for instructions relative to the sale, would indicate that it was a judicial sale, or that the deed

to Jochem was only ancillary to the decree of the court and in aid thereof. It has been held that the deed of an assignee under similar circumstances is void outside the jurisdiction of the court. Osborn v. Adams, 18 Pick. 245.

Plaintiff devotes considerable space in his supplemental brief to his right to have title quieted in him by reason of possession. Possession does not constitute title, at least not until it has ripened into title, or adverse actions are barred by the statute of limitations. The fact that possession furnishes a presumption of title does not preclude the adverse party from showing a lack of title. It does qualify, under our statute, the possessor to maintain an action to determine adverse claims, but when he brings such action, if he relies solely on possession, it must have continued for the length of time required by the statute, and there is no pretense in this case that respondent had been in possession more than a trifle over three years when this action was brought, and, including the possession of his grantors, claiming to hold under the assignee's deed, if they were ever in possession, about six years and four months. While he was in possession under color of title, the very instruments through which he claims to derive title disclose on their face their invalidity for that purpose in this state. Finally, it is claimed that the appellants Day and Grigsby have been guilty of such delay in asserting their claims to the premises as to defeat them. It appears as to appellant Grigsby that he had held the deed from Day only two years when this action was commenced. It does not appear that he had any knowledge of the claims of respondent or any of his grantors or predecessors subsequent to the Plankington Bank, prior to the bringing of this action. The same is true as to appellant Day. Knowledge is an essential element of laches. 18 Am. & Eng. Enc. Law, p. 102. The original assignee of the bank, and the one who administered its affairs for some years, was the vice president of the bank, into whose hands the deed from Day to the bank, shown to be a mortgage, was delivered. It can hardly be assumed that Day should be charged with knowledge of any purpose on the part of Plankington, while such assignee, to fraudulently dispose of Day's equity in the land, and, in the absence of service of any notice on him of the proposed action of the court or the application made to it for leave to sell or to confirm the sale, he should not be charged with knowledge that a sale was about

20 N. D.—20.

to be or was made; and we find no affirmative act on the part of either Day or Grigsby tending to prejudice the rights of respondent, and nothing to bring the case within the authorities cited by him in support of his claim. In the matter of laches, each case is governed, generally, by its own circumstances. Equity is said to exact no more than fair dealing with an adversary. We are unable to discover how, in the absence of knowledge that they had an adversary, appellants could be required to even contemplate such dealings. The Supreme Court of the United States states the doctrine thus:

"In cases of actual fraud or want of knowledge of the facts, the law is very tolerant of delay." Hoyt v. Latham, 143 U. S. 553, 36 L. ed. 259, 12 Sup. Ct. Rep. 568. It is held in the same case that the question as to whether the sale should be vacated or not depends upon the facts as they existed at the time of the sale. The Federal courts extend the doctrine of laches much farther than it is applied by state courts, which are generally guided by the statute of limitation. Absence from the state is considered in determining the question of laches. Day was at all times a resident of Wisconsin, and Grigsby, of South Dakota. Day was president of the Plankington Bank at the time the assignment was made, and Plankington was its vice president and executive officer. Their relations were confidential. Day was not charged with any laches in not suspecting Plankington, while assignee, of any design to defraud him of his equity in the property, and it does not appear that he attempted to do so, but the attempt to sell was made shortly after Plankington's retirement, by a successor, and it is held that, as one cannot acquiesce in the performance of an act of which he is ignorant, so, "one cannot be said to neglect the prosecution of a remedy when he has no knowledge that his rights have been been invaded, excepting, always that his want of knowledge is not the result of his own culpable negligence." 5 Pom. Eq. Jur. §§ 26 & 27. The record of the certified copy of the deed of assignment from Herman to Jochem furnished no notice to either Day or Grigsby, but if they did serve as constructive or actual notice to the world, then Goss was charged with notice or knowledge of the contents, showing that neither Plankington, Bean, nor Herman assumed to convey any greater title than that held by the bank.

After long and careful consideration of this case, we have arrived at

the conclusion that, in view of all the circumstances, an injustice would be done to finally determine it on the record before us, and that it should be remanded to the district court for a new trial.

The judgment of the District Court is vacated and the case remanded for the purpose stated. All concur.

ELLSWORTH, J., being disqualified, W. C. CRAWFORD, Judge of the Tenth Judicial District, sat in his place by request.