FIRST NATIONAL BANK OF CASSELTON, Plaintiff and Respondent, v. CASSELTON REALTY & INVESTMENT COMPANY and E. F. Gilbert, Defendants, E. F. GILBERT, Appellant.

(175 N. W. 720.)

**Acknowledgment — mortgage cannot be recorded where certificate of acknowledgment did not show execution by person authorized to execute it for corporate maker.**

In an action to foreclose a mortgage it is *held:*

1. That the mortgage was not entitled to be recorded for the reason that

44 N. D.—23.

the certificate of acknowledgment did not show that the mortgage was executed by a person authorized to execute it for the corporation, as required by the laws of this state.

**Mortgages — record of mortgage not entitled to be recorded not notice to creditor.**

2. That the record of such mortgage did not constitute notice to a creditor, who lawfully obtained a judgment against the mortgagor, in whose name the title to the real estate described in the mortgage appeared of record.

**Mortgages — lien of judgment superior to mortgage not entitled to be admitted to record.**

3. That the judgment is a lien prior to the mortgage.

Opinion filed July 15, 1919.    Rehearing denied November 25, 1919.

From a judgment of the District Court of Cass County, *Cole,* J., defendant Gilbert appeals.

Reversed.

*Spalding & Shure,* for appellant.

Where a deed was under consideration which contained a proper certificate of acknowledgment and notary's seal, but the certificate was unsigned by the notary, the court held that it did not create a valid encumbrance on the real property.   Davis v. Hale (Ark.) Ann. Cas. 1916D, 704.

An acknowledgment was insufficient which did not recite that the persons making it were known to be the president and secretary of the corporation which purported to make the assignment of a mortgage. Holt v. Metropolitan Trust Co. 11 S. D. 456; Comp. Laws 1913, § 7619.

The corporation could only exercise its power in the manner provided by statute and through an instrument acknowledged by the corporation, and that not having been acknowledged in the manner prescribed by the statute.   Gessner v. Sioux City R. Co. 15 N. D. 560; Erickson v. Conniff, 19 S. D. 41; Plymouth Elevator Co. 191 Fed. 633, 208 Fed. 393.

An instrument not properly acknowledged and therefore not entitled to record, if, in fact, recorded, does not render such record admissible in evidence, and it is not admissible.   Ann Arbor Sav. Bank v. Elli-

son, 71 N. W. 873; Wambole v. Foote, 2 Dak. 1; Saginaw v. **Tennant**, 68 N. W. 1118; Comp. Laws, § 3269.

An instrument recorded which was not entitled to record does not give constructive notice of its existence. Dannovan v. St. Anthony & D. El. Co. 8 N. D. 585; American Mortg. Co. v. Live Stock Co. 10 N. D. 290; Webb, Record Title, § 55.

*Lawrence & Murphy,* for respondent.

Correll had ostensible authority to execute the notes and mortgage.

Ostensible authority is such as the principal intentionally, or by want of ordinary care, causes or allows a third person to believe the agent to possess. Comp. Laws 1913, § 6338; McCall v. Nichols, 29 N. D. 405; Bank v. Land Co. 28 N. D. 479; 2 Thomp. Corp. § 1558; McGowan v. Groneweg (S. D.) 86 N. W. 626.

A corporation was bound by the acts of its treasurer where he attended to the actual management of the financial affairs of the corporation, and where the board of directors failed to hold meetings according to the by-laws and left the entire business to be attended to by him. Bank v. Cochrane, 182 Mass. 586, 61 L.R.A. 760, 66 N. E. 200.

If a corporation permit the treasurer to act as their general fiscal agent, and hold him out to the public as having the general authority implied from its official name and character, and by their silence and acquiescence suffered him to draw and accept drafts and indorse notes payable to the corporation, they are bound by his acts done within the scope of such implied authority. Merchants Bank v. State Bank, 10 Wall. 604; Mining Co. v. Anglo-California Bank, 104 U. S. 192; Lester v. Webb, 1 Allen, 34.

A corporation is bound by the authority which it permits the agent or officer to assume to exercise, and not by secret limitations unknown to the public or to the persons dealing with such agent. Bank v. Bank (N. J.) 7 Atl. 318; Johnson v. Noxelbaum, 58 S. E. 56; Coke v. Bank (Pa.) 9 Atl. 302.

There can be no doubt of the general rule that a president of a corporation, by virtue of his official position, can only sell its assets in the usual and ordinary course of business. But a corporation may, by its acts and methods of conducting its business, so far as third persons are

concerned, as effectually clothe its agents with authority to handle, and even close out, its business, as though a formal vote of record were taken.

In Magowan v. Groneweg, 14 S. D. 543, 86 N. W. 626, the authority of the president, secretary, and treasurer and certain directors of the corporation to dispose of the entire assets of the corporation without authorization by official action of the stockholders or board of directors was challenged. The transfer was sustained on the ground that there had been no regular meeting of the board of directors since the organization of the corporation.

This case was affirmed on rehearing in 16 S. D. 29, 91 N. W. 335. Davis v. Coal Co. 21 S. D. 173, 110 N. W. 113; Wood v. Saginaw Gold Min. & Mill. Co. 20 S. D. 161, 105 N. W. 101; Hunt v. Northwestern Mortgage. Trust Co. 16 S. D. 241, 92 N. W. 23; McElroy v. Minnesota Percheron Horse Co. 96 Wis. 317, 71 N. W. 652; Ford v. Hill, 92 Wis. 188, 53 Am. St. Rep. 902, 66 N. W. 115; Eureka Iron Works v. Bresnahan, 60 Mich. 332, 27 N. W. 524; Preston Nat. Bank v. George T. Smith Co. 84 Mich. 364, 47 N. W. 502.

The facts that an instrument is signed by a corporate officer and the corporate seal. attached show prima facie that it is the act of the corporation. Koehler v. Black River Falls Iron Co. 2 Black, 715, 17 L. ed. 339; Pacific State Bank v. Coats, 123 C. C. A. 634, 205 Fed. 618, Ann. Cas. 1913E, 846; Graham v. Partee, 139 Ala. 310, 101 Am. St. Rep. 32, 35 So. 1016; Miners Ditch Co. v. Zellerbach, 37 Cal. 543, 99 Am. Dec. 300; J. S. Potts Drug Co. v. Benedict, 156 Cal. 322, 25 L.R.A.(N.S.) 609, 104 Pac. 432; Chandler v. Hart, 161 Cal. 405, 119 Pac. 516, Ann. Cas. 1913B, 1094; Conine v. Junction R. C. 3 Houst. (Del.) 288, 89 Am. Dec. 230; Veasey v. Graham, 17 Ga. 99, 63 Am. Dec. 288; Johnston v. Grawley, 25 Ga. 316, 71 Am. Dec. 173; Cannon v. Graham, 136 Ga. 167, 71 S. E. 142, Ann. Cas. 1912C, 39; Mullanphy Sav. Bank v. Schott, 135 Ill. 655, 26 N. Y. 640, 35 Am. St. Rep. 401; Wisconsin Lumber Co. v. Greene Teleph. Co. 127 Iowa, 350, 69 L.R.A. 968, 109 Am. St. Rep. 387, 101 N. W. 742; Sherman Center Town Co. v. Swigart, 43 Kan. 292, 19 Am. St. Rep. 137, 23 Pac. 569; Burrill v. Nahant Bank, 3 Met. 163, 35 Am. Dec. 395; Emmerson v. Pacific Coast Packing Co. 96 Minn. 1, 1 L.R.A.(N.S.) 445,

113 Am. St. Rep. 603, 104 N. W. 573, 6 Ann. Cas. 973; St. Louis Public School v. Risley, 28 Mo. 415, 75 Am. Dec. 131; Musser v. Johnson, 42 Mo. 74, 97 Am. Dec. 316; Den v. Vreelandt, 7 N. J. L. 352, 11 Am. Dec. 551; Leggett v. New Jersey Mfg. Co. 1 N. J. Eq. 541, 23 Am. Dec. 728, and note; Gause v. Com. Trust Co. 196 N. Y. 134, 24 L.R.A.(N.S.) 967, 89 N. E. 476; Duke v. Markham, 105 N. E. 131, 18 Am. St. Rep. 889, 10 S. E. 1017; Berks Turnp. Road v. Meyers, 6 Serg. & R. 12, 9 Am. Dec. 402; Little Sawmill Valley Turnp. Co. v. Federal St. Pass R. Co. 194 Pa. 144, 75 Am. St. Rep. 690, 45 Atl. 66; Greensboro Gas Co. v. Nome Oil Co. 222 Pa. 4, 128 Am. St. Rep. 790, 70 Atl. 940; notes: 91 Am. Dec. 616, 12 Am. St. Rep. 134, 50 Am. St. Rep. 156, 64 Am. St. Rep. 260.

Upon the principles of policy and justice, the law will hold valid the acts of officers de facto, so far as they involve the interests of the public and third persons dealing with the corporation in good faith. State v. Carroll, 38 Conn. 449, 9 Am. Rep. 409; Richards v. Farmers Inst. 154 Pa. 449, 26 Atl. 210; King v. Philadelphia Co. 154 Pa. 160, 26 Atl. 308; People v. Collins, 7 Johns. 549; Hackensack Water Co. v. DeKay, 36 N. J. Eq. 548.

CHRISTIANSON, Ch. J.   Plaintiff brought this action to foreclose a certain real estate mortgage, which it is alleged was executed and delivered by the defendant Casselton Realty & Investment Company to C. H. Anheier, as receiver of the plaintiff bank on December 23, 1915, and subsequently assigned by said Anheier to the plaintiff.   In its complaint the plaintiff also alleged that the defendant Gilbert has or claims some right or interest in the property described in the mortgage adverse to the plaintiff.   The defendant Gilbert, in his answer, assails the validity of the mortgage.   He avers that such mortgage was never executed by the defendant corporation or by any of its officers or agents authorized to so do.   He further alleges that he duly recovered a judgment against the defendant corporation for $1,013.49 in the district court of Cass county, in this state, and that such judgment was duly entered and docketed in the office of the clerk of said district court on March 23, 1916, and became and still is a valid and existing lien upon

the premises described in the complaint. The plaintiff, by way of reply, averred that the mortgage described in the complaint was duly executed and delivered by the defendant, acting by and through its duly elected, qualified, and acting treasurer, Correll, pursuant to instructions from and upon authority and permission of R. C. Kittel, the qualified and acting vice president of the defendant corporation. It is further averred that Correll had ostensible authority to execute such mortgage. The case was tried to the court upon the issues thus framed, and resulted in findings and judgment in favor of the plaintiff for the foreclosure of the mortgage in accordance with the prayer of the complaint. The defendant Gilbert has appealed and demanded a trial anew in this court.

The Casselton Realty & Investment Company was organized under the laws of this state in 1906. It constructed a number of dwellings in Casselton, which it rented to various tenants. The defendant Gilbert was the first president of the corporation, and the records do not show that any successor has been chosen. However, it is undisputed that the defendant Gilbert, in 1912 went to California and has since been a resident of that state, and a list of stockholders offered in evidence by the plaintiff shows that the defendant Gilbert is no longer a stockholder. So far as the evidence shows, no meetings of the stockholders were held subsequent to 1909. The corporation, however, continued to own some houses in Casselton. The treasurer, Correll, looked after these properties. He rented them, collected rent, paid taxes, arranged for insurance and necessary repairs of the houses, and paid therefor. He also had in his possession the books and the seal of the corporation. But it is not contended that he ever attempted to execute notes, mortgages, or other written contracts for the corporation at any time prior to the execution of the notes and mortgage in controversy. The defendant corporation was indebted to the plaintiff bank in a considerable sum. And it appears that at a meeting of the directors of the bank held in July, 1914, the directors objected to the loan because it was not secured, and that R. C. Kittel (who was an officer of the plaintiff bank as well as vice president of the defendant corporation) then promised the bank directors that he would have the loan secured by a mortgage on the property described in the mortgage,

and that he afterwards informed them that the promise had been fulfilled. On December 6, 1915, the bank failed and C. H. Anheier was appointed receiver. It was discovered that the indebtedness of the defendant corporation had not been secured. The bank directors thereupon called on Kittel, and demanded that he procure a mortgage from the defendant corporation in accordance with his former promise. A few hours later Correll, the treasurer of the defendant corporation, delivered the notes and mortgage in question to the receiver, Anheier, with the remark that the same were given in accordance with the previous understanding between Kittel and the directors. The mortgage purports to be executed and acknowledged by the Casselton Realty & Investment Company, by L. E. Correll, its treasurer. It bears date December 23, 1915, and was recorded in the office of the register of deeds of Cass county on December 27, 1915. The body of the certificate of acknowledgment upon the mortgage is: "On this 23d day of December, A. D. 1915, before me personally appeared L. E. Correll, known to me to be the treasurer of the corporation that is described in and that executed the foregoing instrument, and he acknowledged to me that such corporation executed the same."

The Casselton Realty & Investment Company had five directors. It is conceded that Correll was never authorized by resolution of the board of directors to execute the mortgage in controversy. In fact the only express authorization claimed is that Kittel, the vice president, told Correll to execute it. The evidence shows that the Casselton Realty & Investment Company had adopted a by-law to the effect that all conveyances of real estate or any interest therein, and all assignments and satisfactions of mortgages, or other liens on real property, should be executed by the president or vice president and attested by the secretary of the corporation.

The appellant contends: (1) That plaintiff's mortgage is wholly invalid, and does not constitute a lien superior to the judgment held by the appellant; and (2) that even though the mortgage is enforceable as against the Casselton Realty & Investment Company, it was nevertheless not entitled to record; and such record did not impart notice to the appellant.

Under our laws, the corporate powers, business, and property of

§§ 5512 and 5513." Comp. Laws 1913, § 5548. "The certificate of conducted and controlled by the board of directors. Comp. Laws 1913, § 4541. Any foreign or domestic corporation in its by-laws may empower any one or more of its officers, severally or conjointly, to execute and acknowledge in its behalf conveyances, transfers, assignments, releases, satisfactions, or other instruments affecting liens upon, titles to, or interest in, real estate. Comp. Laws 1913, § 5512. But in the absence of any by-laws, the president or secretary of any corporation and the president, secretary, treasurer, or cashier of any loan, trust, or banking corporation may execute and acknowledge such instruments when authorized by resolution of the board of directors. Comp. Laws 1913, § 5513.

Section 5515, Comp. Laws 1913, provides: "The signature of a corporation to any instrument mentioned in § 5512 shall be as follows:

———————————————————————,—(Full name of corporation.)
By (some officer authorized by resolution or the by-laws of the corporation to execute and acknowledge such instrument).

———————————————(Official designation of person signing.)
'Attest: ————————————————
                                  Secretary."
(Seal.)

Section 5594, Comp. Laws 1913, provides: "Every conveyance by deed, mortgage, or otherwise, of real estate within this state, shall be recorded in the office of the register of deeds of the county where such real estate is situated, and every such conveyance not so recorded shall be void as against any subsequent purchaser in good faith, and for a valuable consideration, of the same real estate, or any part or portion thereof, whose conveyance, . . . is first duly recorded; or as against any attachment levied thereon or any judgment lawfully obtained, at the suit of any party, against the person in whose name the title to such land appears of record, prior to the recording of such conveyance." But before any such conveyance "can be recorded . . . its execution must be acknowledged by the person executing the same, or, if executed by a corporation, by the person authorized to execute it by

§§ 5512 and 5513." Comp. Laws 1913, § 5548. "The certificate of acknowledgment of an instrument executed by a corporation must be substantially in the following form:—

State of————————⎱ ss.
County of————————⎰

On this —— day of —— in the year ——, before me (here insert name and quality of officer), personally appeared ————————— known to me (or proved to me on the oath of —————————) to be the president (or the secretary) if the corporation that is described in and that executed the within instrument, and acknowledged to me that such corporation executed the same." Comp. Laws 1913, § 5574.

A corporation can act only through its representatives. Primarily, in the absence of provisions in the charter or by-laws of a corporation, the authority to mortgage the corporate real estate is vested in the board of directors. 7 R. C. L. p. 645; Comp. Laws 1913, § 4541. And neither the president nor the treasurer has such power by virtue of his office alone. Fletcher, Cyc. Corp. §§ 2048, 2091.

"The power of an officer or agent of a corporation to bind the corporation is governed by the general law of agency; the underlying principles are the same. The acts of corporate officers and agents are binding upon it only when done within the scope of their authority, express or implied; the same rules apply as in the case of an agent for an individual. The mere consent of one of the officers of a corporation that another officer may do an act requiring special corporate authority, manifestly, does not constitute any legitimate basis for the doing of such act." 7 R. C. L. pp. 620, 621.

Bearing these legal principles in mind, we approach the question presented in this case. Can it be said that the mortgage of the plaintiff was executed and acknowledged by a person authorized to do so, so as to constitute it the act of the corporation and entitle it to record as such under our laws? We think not. The provisions of our statutes are specific, and the intent of the lawmakers, as there disclosed, must be enforced. In our opinion the mortgage was not entitled to be recorded. (That is in accord with the views of the supreme court of our sister state, South Dakota, in applying statutory provisions almost

identical with those involved in this case. Erickson v. Conniff, 19 S. D. 41, 101 N. W. 1104. See also Duke v. Markham, 105 N. C. 131, 18 Am. St. Rep. 889, 10 S. E. 1017; Klemme v. McLay, 68 Iowa, 158, 26 N. W. 53; Bennett v. Knowles, 66 Minn. 4, 68 N. W. 111; Holt v. Metropolitan Trust Co. 11 S. D. 456, 78 N. W. 947.) This being so, the record thereof did not constitute notice to subsequent purchasers in good faith and for valuable consideration. Goss v. Herman, 20 N. D. 295, 127 N. W. 78. And by the plain words of the statute, a judgment creditor who lawfully obtains a judgment against the person in whose name title to land appears of record is regarded as "a purchaser in good faith and for a valuable consideration." Comp. Laws 1913, § 5594; Mott v. Holbrook, 28 N. D. 251, 264, 148 N. W. 1061; McCoy v. Davis, 38 N. D. 328, 164 N. W. 951.

In this case it is not necessary to determine whether the mortgage of the plaintiff is enforceable as against the defendant corporation. But it follows from what has been said that the judgment of the defendant Gilbert is a valid lien upon the land; and that the lien of plaintiff's mortgage, if it constitutes a lien at all, is inferior and subject to the lien of the judgment.

The judgment appealed from is therefore reversed, and the cause is remanded, with directions that judgment be entered in conformity with the views expressed in this opinion.

BIRDZELL and BRONSON, JJ., concur.

GRACE, J., concurs in the result.

ROBINSON, J. (dissenting). I dissent from the majority decision herein. I think it is based too much on technical reasoning. The mortgage in question was made by Correll, who had been for years the de facto and real president and treasurer and manager of the company. He was the corporation. The mortgage was given in good faith and for full value. It was duly made. And it was the duty of the judgment creditor to know that and to know of all the affairs of the corporation, and if the judgment creditor did not have notice of the mortgage it was because he did not open his eyes and examine the records.

It was because he had failed in doing his duty as an officer of the corporation. He has no superior equity. He is not a purchaser in good faith and for value. The judgment of the trial court should be affirmed.