[File No. 6242.]

J. I. CASE COMPANY, a Corporation, Appellant, v. SAX MOTOR COMPANY, a Corporation, Respondent.

(256 N. W. 219.)

Opinion filed August 15, 1934.

*Lawrence, Murphy, Fuller & Powers,* for appellant.
*C. H. Starke,* for respondent.

NUESSLE, J. This is an appeal from an order sustaining a demurrer to the plaintiff's complaint. The question involved is as to the priority of certain mortgages of personal property. It appears that the plaintiff's mortgage was executed on June 24, 1930, and was filed in the office of the register of deeds of the proper county on July 14, 1930. The defendant's mortgage was executed on June 11, 1930, and filed in the office of the register of deeds on that date. At the time of the execution and of the filing of his mortgage plaintiff had no actual notice or knowledge of the defendant's mortgage. Both mortgages covered the same property. The defendant's mortgage did not "contain the postoffice address of the mortgagee," nor did it "in full describe the indebtedness secured by said mortgage as to the amount, rate of interest, when and where due."

The defendant, in support of his demurrer, insists that under these circumstances his mortgage is prior and superior to that of the plaintiff. On the other hand, the plaintiff contends that it had no actual notice or knowledge of the existence of the defendant's mortgage; that such mortgage was not in the form required by chapter 108, Sess. Laws 1917 (§ 5546a, 1925 Supplement) for the reason that it did not contain the postoffice address of the mortgagee and did not in full

describe the indebtedness secured, as to the amount, rate of interest, and when and where the same was due, and that therefore it was not properly received and filed by the register of deeds; that since the mortgage was not eligible to be filed the fact that it was received and filed by the register of deeds afforded no constructive notice to the plaintiff as to the existence of such mortgage.

It is clear that if such mortgage was not receivable by the register of deeds because of failure to meet the statutory requirements, no constructive notice was given though the register of deeds received and filed it. First Nat. Bank v. Casselton Realty & Invest. Co. 44 N. D. 353, 175 N. W. 720, 29 A.L.R. 911; Stoffel v. Sullivan, 49 N. D. 695, 193 N. W. 45; Tenney Co. v. Thomas, 61 N. D. 202, 237 N. W. 710, and cases cited. It is likewise clear if § 5546a, 1925 Supplement, is applicable to chattel mortgages, the defendant's mortgage is deficient and was not properly received and filed by the register of deeds. So the sole question on this appeal is as to whether § 5546a, Supplement, applies only to mortgages of real property or whether it applies to both mortgages of real and of personal property.

Section 5546a, Supplement, reads as follows: "No mortgage shall be received for record by any register of deeds in this state which does not contain the postoffice address of the mortgagee, and which does not in full describe the indebtedness secured by the said mortgage as to the amount, rate of interest, when and where due. No assignment of mortgage shall be received for record which does not contain the postoffice address of the assignee." It will be noted that this statute provides that no mortgage shall be received for record which does not comply with the requirements imposed by it. Plaintiff insists that "received for record" must be taken to mean a receipt by the register of deeds either for filing, as in the case of chattel mortgages, or for filing and recording at length as in the case of mortgages of real estate. On the other hand, the defendant insists that "received for record" means receiving for the purpose of recording the same at length and that this can apply only to mortgages of real property.

It must be conceded that the statute is not altogether clear. So it becomes necessary for us to search out the legislative purpose intended to be expressed by it. To do this we must look not only to the words of the statute itself to ascertain the legislative meaning and intent, but

may also receive such light as is afforded by cognate provisions of the statute, by the title to the act itself, and by the legislative history of the enactment.

An examination of the several statutes discloses that the words "record," "recording," "recorded," "of record," "admitted to record," and "filing for record," have been used with variations of meaning. See §§ 3330, 3332, 3334, 3337 et seq., 5546 et seq., 5553 et seq., 5557 et seq., 5594 et seq., 6742 et seq., Comp. Laws 1913, § 6768a3, 1925 Supplement, and many other sections of the statutes. Generally it may be said that record and recording are used with respect to instruments affecting real property and filing with respect to those affecting personal property. But of course an instrument must be filed in the sense that it is deposited with the proper officer before it can be recorded. Comp. Laws 1913, § 3336. The statute, § 5558, Comp. Laws 1913, provides that an instrument shall be deemed to be recorded when it is so deposited. It must be noted also that §§ 6757 and 6758, provide that all mortgages of personal property and reservations of title to personal property as security for the purchase price are void as against creditors and subsequent purchasers and incumbrancers . . . unless the same are filed, while § 5594 provides that conveyances of real estate by deed, mortgage, or otherwise not recorded in the office of the register of deeds . . . "shall be void as against any subsequent purchaser. . . ." Section 6753, Comp. Laws 1913, provides that the recording of a mortgage (of real property) duly operates as notice to all subsequent purchasers and incumbrancers; and § 6759 provides that the filing of a mortgage of personal property operates as notice thereof to subsequent purchasers and incumbrancers. Section 5546, et seq., Comp. Laws 1913, makes provision for the recording of instruments affecting real property. Section 3337 provides that a reception book must be kept by the register of deeds in which all instruments affecting real property filed (§ 3336) for record must be entered. Thereafter such instrument must be recorded. Section 3338. On the other hand, the only record of chattel mortgages that is made is the alphabetical index provided for by section 6765, Comp. Laws 1913; Schatz v. Kintyre Farmers Co-op. Elevator Co. 52 N. D. 290, 202 N. W. 855. This distinction between filing and recording and filing and indexing is expressly recognized in § 3340, which provides that §§ 3336, 3337, 3338

and 3339, "shall not be construed to extend to or cover the filing and indexing of chattel mortgages." And this distinction is in accord with that generally made by the authorities. See 53 C. J. 608; 23 R. C. L. 182, et seq.

The particular statute here in question as finally passed carried the title "An Act Relating to the Receipt and Filing by the Register of Deeds, of Mortgages and Assignments of Mortgages." As it was originally introduced the title read "An Act Relating to the Receipt and Filing by the Register of Deeds, of Deeds, Mortgages and Assignments of Mortgages," and the body of the original act read: "No register of deeds of any county in this state shall accept for record in his office any deed that does not contain the postoffice address of the grantee and which does not contain a legal description of the property conveyed; and no mortgage shall be received. . . ." During the course of its passage the bill was amended by striking out of its title the word "deeds" and by striking out of the body of the act that portion thereof which preceded the words contained in the act as it was finally passed. It is clear, therefore, that the act as originally introduced was intended to apply only to instruments affecting real property.

The appellant argues that, even though this be so, when, by amendment, the word "deeds" was stricken from the title and the act was shorn of the provision relating to deeds, thereby the legislature evidenced an intention that it should apply to mortgages of personal property as well as of real property. This argument, however, is not persuasive. If this were the purpose behind the amendment it could have been effectuated much more readily by the insertion of a provision that the act should apply to mortgages of personal property. The amendment rather discloses an express intention that the act should not apply to deeds. Nor does the subsequent enactment of chapter 249, Sess. Laws 1929, indicate a contrary intention. This latter enactment requires that deeds and mortgages of real estate shall contain the postoffice address of each grantee and each mortgagee to entitle them to be received for record. The only effect of this act is to make it clear that a mortgage executed to more than one mortgagee must contain the postoffice address of all the mortgagees, and, so far as deeds are concerned, it imposes the same requirement. This is not at all inconsistent with §

5546a considering the same as applicable to mortgages of real estate only. Plaintiff further argues that because the word "filing" was permitted to remain in the title to chapter 108, the intention that the act should be applicable to mortgages of personal property was thereby indicated. We think, however, that merely because the word "filing" was permitted to remain in the title, such consequence does not result. As shown above, § 3336 recognizes that instruments must be filed before they can be recorded, and the word was used in that sense in the title.

In the above connection it also must be noted that a subsequent legislative assembly put a construction upon chapter 108 contrary to that for which the plaintiff contends. Chapter 252, Sess. Laws 1923 (§ 5598a1, Supplement), provides: "Any record of a mortgage or assignment of mortgage that has been actually made in the office of the Register of Deeds of any County of the State between July 1st, 1917 and January 1st, 1923, is hereby validated and declared to be fully operative as constructive notice notwithstanding such mortgage or assignment of mortgage shall have failed to contain any or all of the matters directed to be contained therein by Chapter 108 of the Session Laws of 1917, if said mortgages or assignments shall have been otherwise entitled to record."

The emergency clause (§ 5598a2, Supplement) contains the following: "Whereas, many of the forms of mortgages and assignments in general use at the time of taking effect of chapter 108 of the Session Laws of 1917, did not contain appropriate blanks for the insertion of the information provided in such act to appear in mortgages and assignments, and many such instruments were therefore executed and recorded, defective in the particulars before stated, and titles are thereby being made uncertain; this act shall take effect immediately upon its approval by the Governor."

Section 5598a1 validates *the record* of mortgages and assignments *made* contrary to the requirements of chapter 108. The emergency clause refers to the titles thereby made uncertain. Clearly, mortgages of and titles to real estate are contemplated. On the other hand, no reference is made to personal property or to any consequences that might have resulted from mortgages of personal property which likewise failed to comply with the requirements of chapter 108. Further-

more, this same legislature also enacted chapter 253, Sess. Laws 1923. This latter act amended § 6750, Comp. Laws 1913, which provided for a form of real estate mortgage. The form prescribed by the amended statute meets the requirements of chapter 108. That prescribed by the original section did not. Section 6756, Comp. Laws 1913, prescribes a form of mortgage of personal property. This form does not comply with the requirements of chapter 108. It is lacking in the same respects as is the mortgage of real property prescribed by § 6750. Notwithstanding this the legislature took no steps to amend § 6756 to supply the requirements sought to be supplied by the amendment to § 6750. Thus it is evident that chapter 108 was considered as applicable to real estate mortgages only.

Again the compilers of the 1925 Supplement treated chapter 108 as being properly a part of chapter 49 of the Civil Code relating to the recording of transfers of real property and compiled it as § 5546a. The 1925 Supplement was provided for by legislative enactment. See chapter 158, Sess. Laws 1925, §§ 89a1, 89a3, Supplement. Certainly it is reasonable to presume that succeeding legislatures must have taken notice of the work of the compilers done pursuant thereto. Nevertheless none of those legislatures has seen fit by any enactment to indicate any dissent from the action of the compilers in treating chapter 108, Sess. Laws 1917, as affecting mortgages of real property only.

Considering the act in the light of all of these circumstances, we are of the opinion that chapter 108, Sess. Laws 1917 (§ 5546a, 1925 Supplement) applies to real estate mortgages only and that therefore the demurrer was properly sustained by the trial court.

The order is affirmed.

BURR, Ch. J., and MOELLRING, CHRISTIANSON and BURKE, JJ., concur.