THORNAL, Justice
(dissenting).
I respectfully dissent. We have held on several occasions that the recording of a mortgage upon the public records without proof of the execution of the instrument as required by statute is a nullity insofar as the giving of constructive notice is concerned. We are not here passing on the validity of the document as between the immediate parties. Our problem relates solely to the existence of notice to subsequent encumbrancers. The record of a legally insufficient acknowledgment gives no notice to subsequent purchasers or en-cumbrancers. House of Lyons v. Marcus, Fla.1954, 72 So.2d 34, and cases there cited.
In passing, we do not overlook the rule announced by the majority to the effect that the entire instrument acknowledged may be resorted to for support of the acknowledgment. It is conceded to be the established policy of the law to uphold certificates of acknowledgment where substantial compliance with the statutory requirements is found. In such cases clerical errors and technical omissions will be disregarded. I would continue to adhere to the rule that clerical errors will not be permitted to defeat acknowledgments when it is considered either alone or in connection with the entire instrument acknowledged and when viewed in the light of controlling statutes it fairly complies with the requirements of the statute. House of Lyons v. Marcus, supra; and helpful annotations in First National Bank of Casselton v. Casselton Realty & Invest. Co., 44 N.D. 353, 175 N. W. 720, 29 A.L.R. 911, and Seale Motor Co. v. Stone, 218 S.C. 373, 62 S.E.2d 824, 25 A.L.R.2d 1118.
It is not intended to recede from the rules heretofore announced. However, here, we are confronted with an unusual situation and one for which we have found very little precedent. Our basic problem is whether we can conclude as a matter of law from an examination of the face of the acknowledgment, supplemented by the body of the mortgage, that an obvious clerical error was committed. Unfortunately for the appellant, it happens that he was actually a party to the instrument and that his surname and the surname of the mortgagor are identical. I am of the view that we cannot safely conclude that this record presents an obvious clear-cut clerical misprision that can be disregarded in applying the requirements of our recording statutes.
The general rule is well stated in 1 Am. Jur., Acknowledgments, Sec. 119, p. 365, as ' follows:
“A variance between the certificate and the instrument acknowledged in respect of the name of the grantor is immaterial where it arises from obvious clerical error, where the names are idem sonans, or where they are merely different forms of the same name, and hence, no uncertainty as to the identity of the acknowledger and the grantor arises. But an acknowledgment setting out a/n entirely different person from the one signing the instrument has been held not good” (Emphasis ours.)
Consistent with this rule the Supreme Court of Nebraska in Maxwell v. Higgins, 38 Neb. 671, 57 N.W. 388, 389, held:
“ * * * There was offered in evidence the record of a deed dated January 9, 1867, from Oscar B. Selden and wife, purporting to convey the land to Mehitable Higgins and Stephen Hewitt Higgins. This record was objected to, and properly excluded, for the reason that the deed appeared to have been acknowledged by the grantees, and not by the grantors. * * * ,r
In Wood v. Cochrane, 39 Vt. 544, the Supreme Court ;of Vermont held (quoting second headnote):
“C. executed a mortgage of certain premises to W., but by the certificate of the magistrate taking the acknowledgment it appeared that W., the grantee, instead of G, the grantor, acknowl *780 edged the instrument. Held, that, as it cannot be determined by the face of the instrument whether an error was committed in writing the name of the man who acknowledged it, or in taking the acknowledgment of the wrong man by mistake, the court would not be warranted in treating the instrument the same, and giving it the same legal effect, as though the error had not been committed.”
The cases from which we have quoted are the only ones our research has revealed involving a situation substantially analogous to the one here before us. An examination of the mortgage and acknowledgment in this record fails to sustain a conclusion that we can determine from the face of the instrument that an obvious clerical error was committed. We would be guilty of nothing more than pure speculation to undertake to decide that the error was committed by the unintentional naming of the mortgagee instead of having been committed by taking the acknowledgment of the wrong party to the instrument. We are not authorized to indulge in such speculation.
While, admittedly, to some it might appear that the draftsman of the document merely through oversight inserted the name of the mortgagee instead of the mortgagor, it is equally justifiable that one could conclude that the Notary Public took the acknowledgment of the wrong party. Although obviously not a point for decision, if the draftsman had merely mispelled the name of the mortgagor in the acknowledgment, for example, if he had used the correct initials and then spelled the last name “Edenfelt”, we could see some area for applying the rule of idem sonans or obvious clerical error. This is merely illustrative of the type of obvious clerical error that might be disregarded; but this was not the case here.
From all that appears from the record, the Notary took the acknowledgment of the wrong party to the instrument. I am, therefore, compelled to conclude that the acknowledgment is defective to the extent that it was not entitled to record and this being so, the recording of it could not give constructive notice to subsequent en-cumbrancers. I would therefore affirm the ruling of the Chancellor.
TERRELL and THOMAS, JJ., concur.